**MARYLAND CASUALTY COMPANY,**
Appellant,

v.

**Virginia E. MASSIE et al., Appellee.**

No. 6721.

Court of Civil Appeals of Texas.

Beaumont.

Dec. 31, 1964.

Rehearing Denied Feb. 17, 1965.

Strong, Pipkin, Strong & Nelson, Beaumont, for appellant.

D. H. O'Fiel, Beaumont, for appellee.

STEPHENSON, Justice.

This is a suit brought under the Workmen's Compensation Law for death benefits. The petition alleged that plaintiff Virginia E. Massie brought this suit as the widow of Walter M. Massie, deceased, and on behalf of their minor daughter. Judgment was for plaintiff based upon jury findings. The parties will be designated here as they were in the trial court.

The jury found that Massie sustained a personal injury on or about August 10, 1962, in the course of his employment with Texas Brine Corporation, which was the producing cause of his death.

Defendant contends there was no evidence to support the finding of the jury that Massie sustained an injury in the course of his employment. This is a question of law to be determined by this court by considering all the evidence favorable to such finding and disregarding all other evidence.

The evidence showed: that Walter Massie was employed as a truck driver; that he was on call 24 hours per day; that Texas Brine Corporation, the employer, advertised 24 hour service in the telephone directory, and listed Massie's name and telephone number to call; that Massie's regular working hours were from 7:00 a. m. to 5:30 p. m.; that Massie made many calls after regular working hours; that Massie and other employees punched a time clock; that Massie had "punched in" at 7:00 the date of the alleged injury and had not "punched out"; that Massie and his wife and child lived in a trailer house located on company property about a block from the plant; that at the time of his injury he had come to the trailer house to get a cup of coffee, which was not an unusual thing; that Massie had not checked out at the time he came to the trailer house for coffee, and still had more calls to make; that Massie came to the trailer house about 3:00 or 3:30 in the afternoon; that it started to rain so Massie moved the truck around to the front of the trailer so it would be available for use; that a strong wind overturned the trailer; that Massie was straining to hold the trailer up at the time he received his injury; that a person was still considered on the payroll while stopping for coffee. All of this evidence supported the findings of the jury that Walter Massie received an injury while in the course of his employment.

Defendant also contends that the evidence was insufficient to support such findings of the jury, and that such findings were against the great weight and preponderance of the evidence. In passing upon these points we consider the entire record. There was evidence: that Massie was an hourly paid time worker; that this employer had no 24 hour employees; that Massie called his boss by telephone and told him he thought he would knock off for the day and that all the hauling had been done before the alleged injury. This testimony, when considered with the testimony set out above, did no more than raise an issue for the jury to determine which it did favorably to plaintiffs. Such findings of the jury are not so against the great weight and preponderance of the evidence as to be clearly wrong or manifestly unjust. The points are overruled.

The defendant plead that if Walter Massie sustained an injury that it resulted from an "act of God" and that on the occasion he was not subjected to a greater hazard than the general public. The jury also found in answer to a separate special issue, that Walter Massie was not subjected to a greater hazard from the tornado than the general public. Defendant contends this finding is irreconcilably in conflict with the finding of the jury that Massie sustained an injury in the course of his employment. The trial court gave the statutory definition as follows:

"The term 'injury sustained in the course of employment' as used in the Workmen's Compensation Law, does not include:

"(1) an injury caused by the act of God unless the employee is at the time engaged in the performance of duties that subject him to a greater hazard from the act of God responsible for the injury than ordinarily applies to the general public."

The court then defined "act of God" as follows:

"By the term 'Act of God' as used herein, is meant any accident that is due directly and exclusively to natural causes without human intervention and which no amount of foresight, pain or

456

care, reasonably exercised, could have prevented. The act must be one occasioned exclusively by the violence of nature, and all human agency is to be excluded from creating or entering into the cause of the resulting mischief. The term implies the intervention of some cause not of human origin and not controlled by human power."

These two findings of the jury are in conflict. In the answer that Massie was injured in the course of his employment the jury found that if Massie was injured by an "act of God", that he was not subjected to a greater hazard than the general public. There is no way to reconcile these two answers in an "act of God" case. Plaintiff argues that no issue was presented or submitted by plaintiff to the fact that such injuries were the result of an "act of God". Under all of the evidence, if plaintiff sustained an accidental injury, it could only have resulted from the windstorm. Under all of the cases, cited to this court, in view of the definition submitted by the trial court, this injury was the result of an "act of God" as a matter of law, and no jury finding was necessary. Continental Casualty Co. v. Smith, 227 S.W.2d 363; United States Fidelity & Guaranty Co. v. Rochester, 281 S.W. 306; Traders & General Ins. Co. v. Pool, 105 S.W.2d 492; Security Union Casualty Co. v. Kelly, 299 S.W. 286. The only question was whether Massie was engaged in the performance of duties that subjected him to greater hazard from the "act of God" than ordinarily applied to the general public. The finding as to course of employment was in the affirmative and the finding as to the other issue in the negative. This is an irreconcilable conflict and this point must be sustained. Little Rock Furniture Mfg. Co. v. Dunn, 148 Tex. 197, 222 S.W.2d 985; Bradford v. Arhelger, 161 Tex. 427, 340 S.W.2d 772.

Defendant further contends that there was no evidence to support the finding of the jury that Massie's injury was a producing cause of his death. Dr. James

Albert Brown was the only medical witness testifying in this case. The autopsy report was admitted in evidence, over defendant's objection. Dr. Brown testified he had not seen nor examined Walter Massie. All of his testimony was based upon reading the autopsy report and hypothetical questions. It is argued by defendant that the statements in the autopsy report as to the cause of Massie's death are opinions and conclusions and are hearsay evidence and therefore have no probative force. We have read the evidence in reference to this point carefully and have concluded that the autopsy report did not contain objectionable opinions and conclusions. It is our interpretation of this evidence that the autopsy report contained only the actual findings by the doctor conducting the autopsy. There was no speculation on the part of the doctor as to the cause of the condition he found. In this light, the autopsy was admissible under both the Travis Life Insurance Company v. Rodriguez, Tex.Civ.App., 326 S.W.2d 256, case and the Martinez v. Williams, Tex.Civ.App., 312 S.W.2d 742, case. The point is overruled.

Reversed and remanded.