**Janie BODIFORD, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 2–81–088–CR.**

Court of Appeals of Texas,
Fort Worth.

March 17, 1982.

Rehearing Denied April 14, 1982.

Discretionary Review Refused
June 30, 1982.

McMillan & Lewellen, P. C. and Garry Lewellen, Stephenville, for appellant.

Wayne Hughes, Dist. Atty., Granbury, for appellee.

Before HUGHES, JORDAN and BROWN, JJ.

## OPINION

JORDAN, Justice.

Appellant was convicted of the offense of theft of currency of the value of over $200.00 but less than $10,000.00 and her punishment was set by the jury at five years imprisonment in the Texas Department of Corrections, probated, and a $5,000.00 fine.

The appeal is on eight alleged grounds of error.

We affirm.

Appellant worked as the head bookkeeper for Dr. T. D. Hamilton, dentist, in Granbury, Texas, from about August 1976, until February 1, 1978. She is accused of the theft of a $604.00 check payable to Dr. Hamilton from one of his patients, on or about December 20, 1977. Her first ground of error asserts error on the part of the trial court in overruling her motion for instructed verdict at the close of the evidence for the reason that there was no evidence that she intentionally, knowingly and unlawfully appropriated any U.S. currency from Dr. Hamilton on or about December 20, 1977.

It is necessary to discuss some of the evidence in the record to properly dispose of appellant's contention. This is a circumstantial evidence case, as most cases of this type are, but there was ample evidence to support this conviction of theft.

The business records of Dr. Hamilton and the testimony of several state's witnesses, including the auditor who reviewed the books, the bookkeeper who succeeded appellant in Dr. Hamilton's office, and employees of two different banks, clearly established that appellant devised a scheme whereby she regularly appropriated cash receipts coming into the office. This evidence also showed that she did, on many occasions, including the one alleged in the indictment, cash and appropriate different checks payable to Dr. Hamilton, without his authority or consent and without making an entry on the books to show receipt of such check. The auditor, Dennis Mills, for instance, testified that a review of the office records from April 1977 through December 1977 showed cash, paid to Dr. Hamilton's office by patients, of over $3,000.00 missing and unaccounted for and $1,699.00 in checks not deposited in Hamilton's account.

The evidence reflects a system of accounting by which all cash received on a particular day and all checks received were supposed to be credited by numbered receipt and entered on a daily log with corresponding receipt numbers. At times charges and credits shown on the log were also posted on the individual customer's ledger sheet by use of a carbon, but at other times the posting was done at a later date. It was the regular duty of the bookkeeper, appellant here, at the time in question, to prepare a deposit slip following each day's transactions, which would include deposit of the exact amount of cash as reflected on

the daily log for that date and would also include each itemized check received on that date. The evidence clearly shows that appellant regularly withheld and failed to account for substantial amounts of cash shown to have been received by entries on the daily log. She covered this misappropriation by substituting on the deposit slips an equal amount of checks which had come into the office by mail or otherwise, which she had not entered on the daily log. Thus, while examination and comparison of the logs and the deposit slips would reflect the discrepancy and loss of cash, an examination of the total figures alone would not, since the appellant, by depositing checks which had not been taken into account, was able to make the totals on the deposit slips equal the total on the daily log for the corresponding day. The auditor testified that there were at least one hundred discrepancies found in the books.

The evidence further shows that appellant, without the knowledge or consent of Dr. Hamilton, regularly cashed checks made out to him which had not been taken into account. An employee of the First National Bank of Granbury testified that appellant had cashed many checks payable to Dr. Hamilton at that bank. While she could not give an exact figure of the number of checks cashed, she knew there were more than ten. The testimony also showed that on December 20, 1977, Mrs. Lucille Yager, a patient of Hamilton's, mailed a check payable to Hamilton to his office in the amount of $604.00, which according to a vice president of the Granbury State Bank, was cashed at that bank on December 21, 1977. This check was never entered on the daily ledger sheet kept by Dr. Hamilton. Sandy Pearson, who succeeded appellant as bookkeeper for Dr. Hamilton, testified that no such check was ever received by Dr. Hamilton's office.

The evidence also revealed that all of the bookkeeping in this office was done, during this period, by Janie Bodiford, appellant, and that all of the deposit slips showing cash and checks taken in were in her handwriting. A deposit slip for December 21, 1977, the day after Mrs. Yager mailed the check, was in appellant's handwriting and it did not reflect a check for $604.00.

This evidence, as well as other testimony and records, while all circumstantial, very clearly and firmly supports the verdict of guilty by the jury. Appellant's first ground of error is overruled.

■ In her second ground of error, which is inadequately and improperly presented and briefed, appellant complains of the admission into evidence of some fifty-seven or fifty-eight exhibits, all of which were the business records of Dr. Hamilton. In her brief is mentioned very generally many objections to the introduction of these records. The brief, in this respect at least, fails to comply with the provisions of V.A.C.C.P. art. 40.09, paragraph 9, and thus fails to present any error to this court. This single ground of error complains of at least fifty-seven or fifty-eight instances of improper admission of evidence, on multifarious grounds of objection. The brief, in assigning error, must state the grounds separately. See *Jackson v. State*, 516 S.W.2d 167 (Tex.Cr.App.1974); *Hinkle v. State*, 442 S.W.2d 728 (Tex.Cr.App.1969); *Wilson v. State*, 581 S.W.2d 661 (Tex.Cr.App.1979).

However, we have reviewed this ground of error and the business records admitted, and have concluded that all of these records, business records of Dr. Hamilton, were admissible. More significantly, the record fails to reveal precisely how appellant was prejudiced. These records were all business records which showed the intent of the bookkeeper, appellant, to execute a plan or design to misappropriate cash and checks due and payable to her employer.

The second ground of error is overruled.

■ In the third ground of error the trial court is charged with error in admitting into evidence the written report of Dennis Mills, a certified public accountant employee of the accounting firm hired by Dr. Hamilton to determine why his accounts at the bank were suddenly short of funds and why all his income from his office had not been received by him. Appellant says this

written report was highly prejudicial, assumed controverted facts, invaded the province of the jury, and contained hearsay statements. Mills, the accountant, had testified in person at length about Dr. Hamilton's records and the fact that they showed missing cash and checks which had been paid to Hamilton, as well as a system by which this missing currency was diverted and covered up.

We find no error or harm shown to appellant by the introduction of this report. It was covered extensively in direct examination and was shown to appellant's expert witness, David Cheatham, for review prior to its use at trial. This report, in fact, was used by appellant's counsel in questioning Mr. Cheatham. The report contains only an orderly presentation of the facts about which Dennis Mills had testified. Appellant cites no authority for the exclusion of this document. We hold it was properly admitted. *Maryland Casualty Company v. Massie*, 387 S.W.2d 454 (Tex.Civ.App.1964); *National Surety Corporation v. Moore*, 386 S.W.2d 327 (Tex.Civ.App.1964); *Perkins v. Springstun*, 557 S.W.2d 343 (Tex.Civ.App. 1977). If there was any error in the admission of this report, it was certainly harmless, in view of the accountant's testimony based partly on this very report. Also see V.A.C.C.P. art. 38.24.

Again, appellant's brief fails to adequately state specifically or in any detail at all what was wrong with the report so as to prejudice her by admitting it. General statements are made but there is no showing of impropriety in the admission of the report.

Appellant's third ground of error is overruled.

■ Appellant's fourth and fifth grounds of error which complain of improper jury argument will be discussed together. Appellant first argues that the prosecutor's reference at the guilt-innocence phase of the trial, to the defendant's ability to subpoena witnesses to support her claims of innocence was an improper attempt to shift the burden of proof to appellant. We do not agree. The state's brief points out that this argument was in reply to appellant's counsel's reference during the voir dire examination that the indictment and trial of appellant was all politics, that he would show why Janie Bodiford was on trial, that she made some honest mistakes, and that Dr. Hamilton was stealing money to avoid payment of taxes. Appellant offered no evidence to support any of these contentions made on voir dire, and, while she had no burden to prove anything, as appellant contends, certainly the remarks made by prosecutor about her failure to subpoena witnesses to show any of these things were in reply to the voir dire statements and were proper. This was not, as appellant claims, an attempt by the state to shift the burden of proof.

■ Appellant also complains of a reference at the punishment phase of the trial by the prosecutor to the fact that there is more money stolen with a pencil than is stolen from homes and a statement that the jury in this case could "do some good" in the county if they kept one other bookkeeper from taking money from an employer. We believe that the last reference was a proper reply for law enforcement and was not prejudicially harmful. The first reference, cited above, to the effect that there is more money stolen with a pencil than is stolen from homes, was outside the record and was improper. Objection should have been sustained and the jury instructed. However, viewing the evidence in this case as a whole, and considering the entire record, we hold that the statement was not so extreme or manifestly improper as to require reversal. *Duffy v. State*, 567 S.W.2d 197 (Tex.Cr.App. 1978, Cert. denied 439 U.S. 991, 99 S.Ct. 593, 58 L.Ed.2d 666 1978). It should be noted that appellant did not object to this argument on the ground that it was outside the record.

■ The next asserted error, under ground of error five, is that the prosecutor made an improper reference to appellant's failure to testify. The statement was made that "He also told you on voir dire that he was going to show you why Janie Bodiford

was on trial. What did he show you about why she was on trial?". As pointed out above, this statement by the prosecutor was made in reply to defense counsel's remarks on voir dire and was not improper. Moreover, the record shows that there were other employees and other witnesses appellant could have called to fortify counsel's remarks on voir dire, and that the prosecutor's statement was simply a reference to her failure to call any other witnesses on these matters. A comment on defendant's failure to call available witnesses does not constitute an improper reference to defendant's failure to testify. *Green v. State*, 587 S.W.2d 167 (Tex.Cr.App.1979).

Complaint is made in ground of error six that the trial court permitted several lay witnesses to identify appellant's signature on various instruments. The objection made at trial was that an improper predicate had been laid and that the witnesses testifying to appellant's handwriting and signature had no expertise as handwriting experts. In her brief appellant seems to abandon that argument and says that the state did not attempt to prove any marks, notations, or relationship with the check made the basis of this indictment and that the various instruments introduced were "irrelevant and immaterial". Because the objection raised and discussed in the brief is different from the one made at the trial the ground of error, if any, was waived. The identification of the appellant's handwriting and signature of course was very relevant, and any person familiar with another's handwriting may identify it. It is only necessary that it be shown that the witness has had ample opportunity to view or observe the other's handwriting or that the witness be referred to papers containing the questioned handwriting. *Janak v. Security Lumber Company, Inc.*, 513 S.W.2d 300 (Tex.Civ.App.—Houston [1st Dist.] 1974, no writ); *Newman v. Texas Farm Products Company*, 346 S.W.2d 151 (Tex.Civ.App.—Beaumont 1961, no writ).

In the seventh ground of error it is contended that there was error in the trial court permitting the prosecutor to ask a reputation witness, at the punishment phase, if she thought that "someone who takes and uses someone else's money was a peaceful and law-abiding citizen?". Appellant says that this constitutes an improper reference to the offense for which she was being tried. The witness had stated on direct examination that she knew appellant as a member of her church and that her reputation in the community for being a peaceful and law-abiding citizen was good. After objection to the prosecutor's question on cross-examination was overruled, the witness never really answered the question she was asked. She instead replied that if she had thought Janie Bodiford was guilty she wouldn't be there, and that she (appellant) was one of the nicest people she had ever known. We do not think any error was shown. Moreover after this question was asked by the prosecutor, he continued to ask the witness if she thought it was a violation of both the Penal Code and the Ten Commandments to steal, and the witness admitted that it was. No objection was made to this and the error, if any, in the original question asked by the prosecutor, was waived. Moreover, if there was any error in permitting the original question asked this witness, it was harmless because the answer, as previously pointed out, was non-responsive and was beneficial to appellant.

The seventh ground of error is overruled.

Appellant, in her eighth ground of error, attacks the charge of the court as not being in compliance with V.T.C.A., Penal Code § 2.01 which requires the court to charge that "no person may be convicted of an offense unless each element of the offense is proved beyond a reasonable doubt". It is true that the charge does not specifically track art. 2.01, but viewed as a whole the charge amply covers every element of art. 2.01 with which the jury should be concerned. The jury, for instance, was instructed that "in order to warrant a conviction of a crime on circumstantial evidence, each fact necessary to the conclusion sought to be established must be proved by competent evidence beyond a reasonable doubt".

This challenge is not well taken and appellant's eighth ground of error is overruled.

The judgment is affirmed.