

# Fourth Court of Appeals
## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-18-00491-CR

Nicolas **PENA**, Jr.,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 49th Judicial District Court, Webb County, Texas
Trial Court No. 2017CRF001125-D1
Honorable Mark R. Luitjen, Judge Presiding

Opinion by:    Liza A. Rodriguez, Justice

Sitting:        Rebeca C. Martinez, Justice
                Beth Watkins, Justice
                Liza A. Rodriguez, Justice

Delivered and Filed: July 10, 2019

AFFIRMED

Nicolas Pena, Jr. pled guilty to sexual assault of a child and prohibited sexual conduct, and a jury trial was held to assess his punishment. On appeal, Pena contends the trial court abused its discretion in admitting a letter into evidence that was not properly authenticated. Pena also contends the evidence is factually insufficient to support the sentences imposed by the jury, and the sentences were not proportional to the offenses. We affirm the trial court's judgment.

## BACKGROUND

Pena was charged with sexual assault of a child and with prohibited sexual conduct.[1]  The evidence at trial established the victim's mother and Pena were married in December of 2009, and divorced in September of 2013.  The victim, A.V., testified she began a relationship with Pena in 2014, when she was fourteen.  The offenses were alleged to have occurred on or about February 1, 2015, and DNA evidence established Pena was the father of a child A.V. gave birth to on November 11, 2015.  The investigation into the charges began on March 3, 2017, when A.V.'s mother found a letter in A.V.'s backpack.

Pena pled guilty to the offenses, and the jury assessed his punishment at ten years' imprisonment and seven years' imprisonment, respectively, with the sentences running concurrently.  Pena appeals.

## LETTER

In his first issue, Pena contends the trial court abused its discretion in admitting into evidence a letter he purportedly wrote A.V. because the letter was not properly authenticated.

We review a trial court's ruling on the admissibility of evidence under an abuse of discretion standard.  *Druery v. State*, 225 S.W.3d 491, 502 (Tex. Crim. App. 2007).  A trial court does not abuse its discretion in admitting evidence where the proponent of the evidence has supplied sufficient evidence to support a reasonable jury determination that the evidence is authentic.  *Id.*; *Campbell v. State*, 382 S.W.3d 545, 549 (Tex. App.—Austin 2012, no pet.); *see also* TEX. R. EVID. 901(a) ("[t]o satisfy the requirement of authenticating or identifying an item of evidence, the proponent must produce evidence sufficient to support a finding that the item is what

---

[1] As charged, a person commits the offense of prohibited sexual conduct if the person engages in sexual intercourse with another person the actor knows to be the actor's current or former stepchild.  TEX. PENAL CODE ANN. § 25.02(a)(2).

the proponent claims it is."). "We will affirm the trial judge's decision as long as his or her ruling is within the zone of reasonable disagreement." *Druery*, 225 S.W.3d at 502.

"A nonexpert's opinion that handwriting is genuine, based on a familiarity with it that was not acquired for the current litigation," is sufficient authentication. TEX. R. EVID. 901(b)(2). Thus, "any person familiar with another's handwriting may identify it." *Bodiford v. State*, 630 S.W.2d 847, 852 (Tex. App.—Fort Worth 1982, pet. ref'd). "It is only necessary that it be shown that the witness has had ample opportunity to view or observe the other's handwriting." *Id.*; *see also Parker v. State*, No. 01-05-00586-CR, 2006 WL 2893370, at *7 (Tex. App.—Houston [1st Dist.] Oct. 12, 2006, pet. ref'd) (not designated for publication) (holding trial court did not abuse its discretion in admitting letter where witness testified she recognized the defendant's handwriting because he had written her lots of letters).

In this case, A.V.'s mother testified she was personally familiar with Pena's handwriting because he wrote her letters during their relationship, including when he was in the military and deployed overseas. She also testified Pena made reference to A.V. being Native American which was a fact known only to family. Based on this testimony, we hold the trial court did not abuse its discretion in admitting the letter into evidence.[2]

## SENTENCES

In his second issue, Pena contends the evidence is factually insufficient to support the sentences imposed. Pena also contends the sentences are not proportional to the offenses.

With regard to Pena's factual sufficiency challenge, the Texas Court of Criminal Appeals has clarified the only standard a reviewing court applies in determining the sufficiency of evidence is the *Jackson v. Virginia* legal-sufficiency standard. *Brooks v. State*, 323 S.W.3d 893, 895 (Tex.

---

[2] We note the evidence also included one of the letters Pena wrote to A.V.'s mother while he was in basic training.

Crim. App. 2010). Moreover, a decision regarding what sentence to impose is generally a "normative process, not intrinsically factbound." *Ex parte Chavez*, 213 S.W.3d 320, 323 (Tex. Crim. App. 2006) (internal quotation omitted). Accordingly, "[s]ubject only to a very limited, 'exceedingly rare,' and somewhat amorphous Eighth Amendment gross-disproportionality review, a punishment that falls with the legislatively prescribed range, and that is based upon the sentencer's informed normative judgment, is unassailable on appeal." *Id*. at 323–24. Therefore, an assertion that a sentence is not supported by sufficient evidence is not a reviewable issue on appeal. *See id*.; *see also Jarvis v. State*, 315 S.W.3d 158, 162 (Tex. App.—Beaumont 2010, no pet.).

With regard to Pena's contention that the sentences are not proportional to the offense, an assertion that a sentence is grossly disproportional such that it constitutes cruel and unusual punishment is waived for purposes of appellate review if no objection on that ground is made in the trial court or raised in a motion for new trial. *See Idowu v. State*, 73 S.W.3d 918, 921 n. 9 (Tex. Crim. App. 2002) (citing *Smith v. State*, 10 S.W.3d 48, 49 (Tex. App.—Texarkana 1999, no pet.) (holding defendant waived complaint on appeal regarding cruel and unusual punishment because he did not object at trial to sentence imposed)); *Rhoades v. State*, 934 S.W.2d 113, 120 (Tex. Crim. App. 1996) (holding argument that sentence violated right against cruel and unusual punishment is waived absent an objection in the trial court); *Noland v. State*, 264 S.W.3d 144, 151-52 (Tex. App.—Houston [1st Dist.] 2007, pet. ref'd) (holding complaint that sentence was grossly disproportionate not preserved where "appellant made no objection to the trial court about the punishment assessed, nor did he assert his complaint in a motion for new trial"). Here, Pena did not make any such objection or raise the issue in a motion for new trial. Accordingly, he has not preserved this issue for our review.

Even if the complaint had been preserved, Pena's sentences fell within the range of punishment prescribed by the Texas Legislature. *See* TEX. PENAL CODE ANN. §§ 12.33, 12.34, 22.011(a)(2),(f), 25.02(a)(2),(c). "Sentences that fall within the statutory limits are generally not considered excessive under the Eighth Amendment." *See Reynolds v. State*, 430 S.W.3d 467, 471 (Tex. App.—San Antonio 2014, no pet.). Although there is an exception to the general rule, *see id*. at 471-72, we do not further address Pena's issue since it was not preserved for our review.[3]

## CONCLUSION

The trial court's judgment is affirmed.

Liza A. Rodriguez, Justice

DO NOT PUBLISH

---

[3] We also note Pena's brief does not undertake the comparative analysis necessary in deciding whether a sentence is grossly disproportionate. As the Texas Court of Criminal Appeals has explained:

> To determine whether a sentence for a term of years is grossly disproportionate for a particular defendant's crime, a court must judge the severity of the sentence in light of the harm caused or threatened to the victim, the culpability of the offender, and the offender's prior adjudicated and unadjudicated offenses. In the rare case in which this threshold comparison leads to an inference of gross disproportionality, the court should then compare the defendant's sentence with the sentences received by other offenders in the same jurisdiction and with the sentences imposed for the same crime in other jurisdictions. If this comparative analysis validates an initial judgment that the sentence is grossly disproportionate, the sentence is cruel and unusual.

*State v. Simpson*, 488 S.W.3d 318, 322–23 (Tex. Crim. App. 2016) (internal citations omitted).