NO. 07-03-0335-CV



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL E



APRIL 20, 2004



______________________________




CALVIN RAY CASH, APPELLANT



V.



KELLY SUTTON, ADMINISTRATOR, NURSE ABERNATHY,


NURSE KAYS, LVN, APPELLEES




_________________________________



FROM THE 108TH DISTRICT COURT OF POTTER COUNTY;



NO. 91,204-E; HONORABLE ABE LOPEZ, JUDGE



_______________________________



Before QUINN and REAVIS, JJ. and BOYD, S.J. (1)

MEMORANDUM OPINION


 Appellant Calvin Ray Cash, an inmate proceeding pro se and in forma pauperis,
challenges the trial court's order dismissing his claim for alleged violations of his civil rights
against appellees Kelly Sutton, Nurse Abernathy, and Nurse Kays, employees of the Neal
Unit of the Texas Department of Criminal Justice. We affirm.

 Cash filed a complaint against the Neal Unit employees contending they violated his
civil rights by withholding medical treatment for hepatitis C and other diseases. The trial
court dismissed his claim as frivolous and also added that the "realistic chance of ultimate
success is slight pursuant to Section 14.003(b)(1)." See Tex. Civ. Prac. & Rem. Code Ann.
§ 14.003 (Vernon 2002). (2) 

 Although Cash does not raise a point of error or an issue challenging the trial court's
discretion in entering the dismissal order, he inadequately argues the State is obligated to
provide medical care to inmates and that failure to do so constitutes cruel and unusual
punishment. 

 Dismissal of a claim under chapter 14 of the Code is reviewed under an abuse of
discretion standard. McCollum v. Mt. Ararat Baptist Church, 980 S.W.2d 535, 536
(Tex.App.-Houston [14th Dist.] 1998, no pet.); see also Hickson v. Moya, 926 S.W.2d 397,
398 (Tex.App.-Waco 1996, no writ). Abuse of discretion is determined by whether the
court acted without reference to any guiding rules or principles. Downer v. Aquamarine
Operators, Inc. 701 S.W.2d 238, 241-42 (Tex. 1985). The mere fact that a trial judge may
decide a matter within his discretionary authority in a different manner than an appellate
judge does not demonstrate that an abuse of discretion has occurred. Id.

 We recognize that a governmental entity has an "obligation to provide medical care
for those whom it is punishing by incarceration." West v. Atkins, 487 U.S. 42, 56 108 S.Ct.
2250, 101 L.Ed.2d 40 (1988), citing Estelle v. Gamble, 429 U.S. 97, S.Ct. 285, 50 L.Ed.2d
251 (1976). However, a review of the record supports the trial court's decision to conclude
that Cash's claim was frivolous. The record contains numerous complaints from Cash by
which he claimed he was denied necessary medication. After being investigated, the
complaints were answered either by inter-office communications, grievance responses, or
letters indicating that when Cash did not receive his medication it was due to his repeated
refusal to follow officers' instructions. One letter notes that medication is dispensed at the
"pill window" at the same time as inmates proceed to meals to better monitor traffic in the
unit. Cash was advised to follow the rules within the unit as security dictates. See Lilly v.
Northrep, 100 S.W.3d 335, 337 (Tex.App.-San Antonio 2002, pet. denied) (holding the trial
court did not abuse its discretion in dismissing an inmate's claim as frivolous because the
record showed his grievances were addressed and he did receive medical attention and
medication). We conclude the trial court did not abuse its discretion in dismissing Cash's
civil rights action and overrule his contention.

 Accordingly, the judgment of the trial court is affirmed.

 Don H. Reavis

 Justice
1. John T. Boyd, Chief Justice (Ret.), Seventh Court of Appeals, sitting by
assignment.
2. The Court discourages trial courts from dismissing suits due to a determination that
an inmate has a slight realistic chance of success. Johnson v. Lynaugh, 796 S.W.2d 705,
706 (Tex. 1990).



>, 800
S.W.2d 539, 543 (Tex.Crim.App. 1990). Accordingly, in the present case, we give
appropriate deference to the trial court's determination of historical facts, but we review de
novo whether those historical facts establish that appellant's statements were the result of
custodial interrogation. See Loserth v. State, 963 S.W.2d 770, 774 (Tex.Crim.App. 1998). 
 See generally Rhode Island v. Innis, 446 U.S. 291, 300-01, 100 S. Ct. 1682, 64 L.Ed.2d
297 (1980); Miranda v. Arizona, 384 U.S. 436, 478-79, 86 S.Ct. 1602, 16 L.Ed.2d 694
(1966).

 At a suppression hearing, the trial judge is the sole and exclusive trier of fact and
judge of the credibility of witnesses and the weight to be given their testimony. State v.
Ross, 32 S.W.3d 853, 855 (Tex.Crim.App. 2000). If no explicit findings of fact are made
by the trial court, we will assume that the trial court made implicit findings of fact which are
supported by the record and which support the conclusion of the court. Id.

 Appellant's first two issues contend that the admission of his statements violated
both article 38.22 and the Fifth Amendment to the United States Constitution because the
statements were the result of custodial interrogation. The State concedes, in its appellate
brief, that appellant was in custody when he gave each statement relevant to this issue. 
Therefore, the pivotal question is whether the statements were made as a result of
interrogation. Interrogation must reflect an effort to obtain information through some
measure of compulsion distinct from any compulsive effect inherent in being placed in
custody. Smith v. State, 60 S.W.3d 885, 889 (Tex.App.-Amarillo 2001, no pet.). The
record reflects that both Garcia and Cogdell testified that appellant made the first two
challenged statements spontaneously and not in response to any police questioning. (3) 
Thus, an implicit finding by the trial court that appellant's statements were not the result of
interrogation is supported by the record and supports the trial court's denial of appellant's
motion. (4) See Ross, 32 S.W.3d at 855. Since the trial court implicitly found that appellant
was not questioned, we conclude that the evidence does not establish that appellant was
subjected to an "interrogation environment," see Innis, 446 U.S. at 299, nor that appellant
was compelled to make the statements due to any compulsion beyond the inherent
compulsive effect of being placed in custody, see Smith, 60 S.W.3d at 889. Accordingly,
we hold that these statements were volunteered by appellant and were not the result of
interrogation. 

 The record indicates that, prior to appellant making his final statement, Cogdell had
read appellant his Miranda warnings. Cogdell testified he then asked appellant what
happened. Although appellant contends that admission of this third statement constitutes
a constitutional violation of the rule in Miranda and a violation of article 38.22, it is apparent
that the error, if any, is that this oral statement was admitted without being recorded. See
article 38.22 § 3. (5) Assuming, without deciding, that the trial court erred in admitting this
statement, our review of the record reveals that admission of appellant's final oral
statement had no or a slight impact on the jury as it was simply cumulative of a prior oral
statement made by the appellant that was not the result of custodial interrogation. See
Nonn v. State, 117 S.W.3d 874, 882-83 (Tex.Crim.App.2003).

 Appellant's third issue argues that the trial court erred in admitting the expert
testimony of Garcia concerning "fist loading" because the State failed to designate Garcia
as an expert and failed to disclose the subject of his expertise in violation of article 39.14.

 To preserve an issue for appellate review, the complaining party must make a timely
objection to the trial court that properly states the specific grounds for the desired ruling if
they are not apparent from the context of the request, objection, or motion. Tex. R. App.
P. 33.1(a)(1); Butler v. State, 872 S.W.2d 227, 236 (Tex.Crim.App. 1994). Preservation of
error is a systemic requirement that a first level appellate court should review on its own
motion. See Hughes v. State, 878 S.W.2d 142, 151 (Tex.Crim.App. 1992) (op. on reh'g);
Jones v. State, 942 S.W.2d 1, 2 (Tex.Crim.App. 1997). The complaint made on appeal
must comport with the complaint made in the trial court, Heidelberg v. State, 144 S.W.3d
535, 537 (Tex.Crim.App. 2004), or there is nothing preserved for review. Id. at 543. See
also Euziere v. State, 648 S.W.2d 700, 703-04 (Tex.Crim.App. 1983). 

 On appeal, appellant contends that Garcia was not identified by the State as a
potential expert witness, in contravention of a trial court discovery order, and therefore,
Garcia should not have been allowed to offer opinion testimony. At trial, appellant's only
objection to Garcia's expert testimony was that he was not qualified to offer expert opinion
testimony regarding "fist loading." Appellant never objected that Garcia was not disclosed
as an expert when his testimony was offered at trial. Failure of appellant to advise the
court of the specific objection now complained of results in there being nothing preserved
for the court to review on appeal. Heidelberg, 144 S.W.3d at 543; Euziere, 648 S.W.2d at
703-04. 

 Appellant's fourth issue contends that Garcia was not qualified to testify as an expert
on "fist loading." We review a trial court's decision to admit or exclude evidence for an
abuse of discretion. Weatherred v. State, 15 S.W.3d 540, 542 (Tex.Crim.App. 2000). A
trial court abuses its discretion only when the reviewing court can say with confidence that
no reasonable perception of the matter under consideration could have yielded the decision
made by the trial court. See Montgomery v. State, 810 S.W.2d 372, 391 (Tex.Crim.App.
1990) (op. on reh'g). If the trial court's decision is correct on any theory of law applicable
to the case, the decision will be sustained. See Ross, 32 S.W.3d at 855-56. As noted
above, preservation of error requires a timely objection be made which specifically identifies
an appropriate legal basis for the objection. Butler, 872 S.W.2d at 236. Appellate
arguments must comport with the objection made at trial. Heidelberg, 144 S.W.3d at 537. 

 Appellant contends, on appeal, that Garcia's testimony was neither relevant nor
reliable citing this court to Texas Rule of Evidence 702 and Jackson v. State, 17 S.W.3d
664, 670 (Tex.Crim.App. 2000). We must, therefore, determine whether appellant's
objection communicated to the trial judge what the appellant wanted, identified the specific
legal basis for the requested relief, and was clear enough for the judge to understand the
objection at a time when the court was in a position to do something about it. Butler, 872
S.W.2d at 236. However the record reveals that appellant never objected to Garcia's
testimony based on relevance or reliability. Appellant's only objection related to Garcia's
qualifications to testify about the concept of "fist loading." We conclude that appellant's
trial objection to Garcia's qualifications is different than and will not support appellant's
relevance and reliability issues on appeal. (6) See Heidelberg, 144 S.W.2d at 543.

 Appellant further contends that Garcia was not qualified to offer expert opinion
testimony regarding the concept of "fist loading" and, thus, the trial court erred in admitting
this testimony. The decision of a trial court to allow expert testimony is reviewed for abuse
of discretion. Weatherred, 5 S.W.3d at 542. Appellant's contention that Garcia was not
qualified as an expert in "fist loading" is based on Garcia's testimony that he had only five
minutes of training in the application of "fist loading." However, the record reveals that
Garcia had been a police officer for over 11 years, had a bachelor's degree in law
enforcement, held a Master Peace Officer's certificate issued by the State of Texas, had
specialized training in hand-to-hand or close combat, and had received specific training
regarding the concept of "fist loading." See Tex. R. Evid. 702. Based upon the entire
record and after applying the standard of review for abuse of discretion, we cannot say that
the trial court erred in admitting Garcia's testimony regarding "fist loading." 

 Having considered all of appellant's issues, we affirm the judgment of the trial court.


 Mackey K. Hancock

 Justice





 

Do not publish. 
1. Further reference to provisions of the Texas Code of Criminal Procedure will be by
reference to "article ___".
2. "Fist loading" is the process of making the fist harder by placing an item inside the
fist.
3. We acknowledge that Garcia's testimony was somewhat equivocal on this point,
however, the trial court was free to believe Garcia's testimony that the police did not
interrogate appellant. See Ross, 32 S.W.3d at 855.
4. We note that no evidence was presented that would tend to establish that
appellant's statements were the result of custodial interrogation. Appellant did not testify
nor did appellant inquire about the statements when his brother testified.
5. As noted above the record indicates Cogdell gave the warnings to appellant before
the third statement. There is no evidence that appellant attempted to invoke his Miranda
rights; nor does appellant contend, on appeal, that he attempted to invoke his rights. Thus,
we conclude that appellant's Miranda rights were not violated.
6. We acknowledge that an expert's qualifications constitutes part of the reliability
determination and we will address this specific objection below. In the present context, we
refer to reliability to mean proof that the concept of "fist loading" is generally accepted and
that Garcia's testimony was consistent with this generally accepted concept. See Kelly v.
State, 824 S.W.2d 568, 573 (Tex.Crim.App. 1992).