NO. 07-04-0299-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH JUDICIAL DISTRICT

AT AMARILLO

PANEL C

AUGUST 18, 2005

_____

SAMUEL JACOB DEAN, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

_____

FROM THE 286TH DISTRICT COURT OF HOCKLEY COUNTY

NO. 03-08-5565; HONORABLE HAROLD PHELAN, JUDGE

_____

Before QUINN, C.J., and REAVIS and HANCOCK, JJ.

**MEMORANDUM OPINION**

Appellant, Samuel Jacob Dean, appeals his conviction for the offense of manslaughter and sentence of 20 years confinement and a $10,000.00 fine. Overruling appellant's issues, we affirm.

On August 21, 2003, appellant and Justin Willeby were involved in an altercation at the City of Levelland swimming pool. During the altercation, Willeby was struck by appellant on the temple causing him to fall and strike his head on the concrete pool curtain.

As a result of the injuries sustained in this altercation, Willeby died. The State, thereafter, indicted appellant for the offense of murder.

Appellant filed a pre-trial motion to suppress certain statements made by appellant contending that the statements were rendered inadmissible because the statements were the result of custodial interrogation and were obtained before appellant was properly warned of his rights. <u>See</u> TEXAS CRIM. PROC. CODE ANN. art. 38.22 § 2(a) (Vernon 2005).[1] Neither party disputes that appellant was in custody at the time he made the contested statements, but the State contends that the statements were given spontaneously and were not the result of interrogation. The trial court advised the parties that it would delay ruling on the motion until the contested statements were offered at trial.

During the trial, the State questioned Detective Albert Garcia about a knife that was recovered from appellant's younger brother. The State asked Garcia if appellant made any statements at the time the knife was discovered. Appellant re-urged his motion to suppress, which the Court overruled after hearing arguments of counsel. Garcia then testified that appellant said that he had given the knife to his little brother to hold. Garcia also testified regarding "fist loading."[2] Appellant objected to this testimony contending that expert testimony was required and that Garcia was not qualified. The trial court overruled appellant's objection and allowed the testimony.

---

[1] Further reference to provisions of the Texas Code of Criminal Procedure will be by reference to "article ___".

[2] "Fist loading" is the process of making the fist harder by placing an item inside the fist.

Later in the trial, the State offered the testimony of Officer Cogdell. Cogdell testified that appellant and his younger brother asked why they were being detained and they were informed that the police were investigating a possible aggravated assault involving brass knuckles. Over appellant's objection, Cogdell testified that appellant then spontaneously admitted hitting Willeby, but denied using brass knuckles. Cogdell testified that he then asked appellant if he would explain what happened. According to Cogdell, appellant then, again, admitted hitting Willeby in the face, but denied using brass knuckles.

By his appeal, appellant presents four issues. Appellant contends the trial court erred in admitting appellant's oral statements made in violation of article 38.22 and the Fifth Amendment to the United States Constitution. Appellant further contends the trial court erred in admitting Garcia's "fist loading" testimony because the State failed to properly designate Garcia as an expert witness in violation of article 39.14. Finally, appellant contends that Garcia was not qualified to testify as an expert on "fist loading."

Appellant's first two issues contend that the trial court erred in admitting three statements that he made to the police. Appellant contends that these statements were made as the result of custodial interrogation and in violation of article 38.22 and his Fifth Amendment rights.

When reviewing trial court rulings on motions to suppress, appellate courts afford almost total deference to trial court determinations of historical facts and to decisions involving mixed questions of law and fact if the resolution of those questions depends on an evaluation of credibility and demeanor. Guzman v. State, 995 S.W.2d 85, 89

(Tex.Crim.App. 1997).  Mixed questions of law and fact not dependent on evaluation of credibility and demeanor are reviewed *de novo*.  Id.  The admissibility of oral statements under article 38.22 constitutes a mixed question of law and fact.  Romero v. State, 800 S.W.2d 539, 543 (Tex.Crim.App. 1990).  Accordingly, in the present case, we give appropriate deference to the trial court's determination of historical facts, but we review *de novo* whether those historical facts establish that appellant's statements were the result of custodial interrogation.  See Loserth v. State, 963 S.W.2d 770, 774 (Tex.Crim.App. 1998).  See generally Rhode Island v. Innis, 446 U.S. 291, 300-01, 100 S. Ct. 1682, 64 L.Ed.2d 297 (1980); Miranda v. Arizona, 384 U.S. 436, 478-79, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966).

At a suppression hearing, the trial judge is the sole and exclusive trier of fact and judge of the credibility of witnesses and the weight to be given their testimony.  State v. Ross, 32 S.W.3d 853, 855 (Tex.Crim.App. 2000).  If no explicit findings of fact are made by the trial court, we will assume that the trial court made implicit findings of fact which are supported by the record and which support the conclusion of the court.  Id.

Appellant's first two issues contend that the admission of his statements violated both article 38.22 and the Fifth Amendment to the United States Constitution because the statements were the result of custodial interrogation. The State concedes, in its appellate brief, that appellant was in custody when he gave each statement relevant to this issue. Therefore, the pivotal question is whether the statements were made as a result of interrogation.  Interrogation must reflect an effort to obtain information through some measure of compulsion distinct from any compulsive effect inherent in being placed in

-4-

custody. Smith v. State, 60 S.W.3d 885, 889 (Tex.App.–Amarillo 2001, no pet.). The record reflects that both Garcia and Cogdell testified that appellant made the first two challenged statements spontaneously and not in response to any police questioning.[3] Thus, an implicit finding by the trial court that appellant's statements were not the result of interrogation is supported by the record and supports the trial court's denial of appellant's motion.[4] See Ross, 32 S.W.3d at 855. Since the trial court implicitly found that appellant was not questioned, we conclude that the evidence does not establish that appellant was subjected to an "interrogation environment," see Innis, 446 U.S. at 299, nor that appellant was compelled to make the statements due to any compulsion beyond the inherent compulsive effect of being placed in custody, see Smith, 60 S.W.3d at 889. Accordingly, we hold that these statements were volunteered by appellant and were not the result of interrogation.

The record indicates that, prior to appellant making his final statement, Cogdell had read appellant his Miranda warnings. Cogdell testified he then asked appellant what happened. Although appellant contends that admission of this third statement constitutes a constitutional violation of the rule in Miranda and a violation of article 38.22, it is apparent that the error, if any, is that this oral statement was admitted without being recorded. See

---

[3] We acknowledge that Garcia's testimony was somewhat equivocal on this point, however, the trial court was free to believe Garcia's testimony that the police did not interrogate appellant. See Ross, 32 S.W.3d at 855.

[4] We note that no evidence was presented that would tend to establish that appellant's statements were the result of custodial interrogation. Appellant did not testify nor did appellant inquire about the statements when his brother testified.

article 38.22 § 3.[5]  Assuming, without deciding, that the trial court erred in admitting this statement, our review of the record reveals that admission of appellant's final oral statement had no or a slight impact on the jury as it was simply cumulative of a prior oral statement made by the appellant that was not the result of custodial interrogation.  See Nonn v. State, 117 S.W.3d 874, 882-83 (Tex.Crim.App.2003).

Appellant's third issue argues that the trial court erred in admitting the expert testimony of Garcia concerning "fist loading" because the State failed to designate Garcia as an expert and failed to disclose the subject of his expertise in violation of article 39.14.

To preserve an issue for appellate review, the complaining party must make a timely objection to the trial court that properly states the specific grounds for the desired ruling if they are not apparent from the context of the request, objection, or motion.  TEX. R. APP. P. 33.1(a)(1); Butler v. State, 872 S.W.2d 227, 236 (Tex.Crim.App. 1994).  Preservation of error is a systemic requirement that a first level appellate court should review on its own motion.  See Hughes v. State, 878 S.W.2d 142, 151 (Tex.Crim.App. 1992) (op. on reh'g); Jones v. State, 942 S.W.2d 1, 2 (Tex.Crim.App. 1997).  The complaint made on appeal must comport with the complaint made in the trial court, Heidelberg v. State, 144 S.W.3d 535, 537 (Tex.Crim.App. 2004), or there is nothing preserved for review. Id. at 543.  See also Euziere v. State, 648 S.W.2d 700, 703-04 (Tex.Crim.App. 1983).

---

[5] As noted above the record indicates Cogdell gave the warnings to appellant before the third statement.  There is no evidence that appellant attempted to invoke his Miranda rights; nor does appellant contend, on appeal, that he attempted to invoke his rights.  Thus, we conclude that appellant's Miranda rights were not violated.

On appeal, appellant contends that Garcia was not identified by the State as a potential expert witness, in contravention of a trial court discovery order, and therefore, Garcia should not have been allowed to offer opinion testimony. At trial, appellant's only objection to Garcia's expert testimony was that he was not qualified to offer expert opinion testimony regarding "fist loading." Appellant never objected that Garcia was not disclosed as an expert when his testimony was offered at trial. Failure of appellant to advise the court of the specific objection now complained of results in there being nothing preserved for the court to review on appeal. Heidelberg, 144 S.W.3d at 543; Euziere, 648 S.W.2d at 703-04.

Appellant's fourth issue contends that Garcia was not qualified to testify as an expert on "fist loading." We review a trial court's decision to admit or exclude evidence for an abuse of discretion. Weatherred v. State, 15 S.W.3d 540, 542 (Tex.Crim.App. 2000). A trial court abuses its discretion only when the reviewing court can say with confidence that no reasonable perception of the matter under consideration could have yielded the decision made by the trial court. See Montgomery v. State, 810 S.W.2d 372, 391 (Tex.Crim.App. 1990) (op. on reh'g). If the trial court's decision is correct on any theory of law applicable to the case, the decision will be sustained. See Ross, 32 S.W.3d at 855-56. As noted above, preservation of error requires a timely objection be made which specifically identifies an appropriate legal basis for the objection. Butler, 872 S.W.2d at 236. Appellate arguments must comport with the objection made at trial. Heidelberg, 144 S.W.3d at 537.

Appellant contends, on appeal, that Garcia's testimony was neither relevant nor reliable citing this court to Texas Rule of Evidence 702 and Jackson v. State, 17 S.W.3d

664, 670 (Tex.Crim.App. 2000). We must, therefore, determine whether appellant's objection communicated to the trial judge what the appellant wanted, identified the specific legal basis for the requested relief, and was clear enough for the judge to understand the objection at a time when the court was in a position to do something about it. Butler, 872 S.W.2d at 236. However the record reveals that appellant never objected to Garcia's testimony based on relevance or reliability. Appellant's only objection related to Garcia's qualifications to testify about the concept of "fist loading." We conclude that appellant's trial objection to Garcia's qualifications is different than and will not support appellant's relevance and reliability issues on appeal.[6] See Heidelberg, 144 S.W.2d at 543.

Appellant further contends that Garcia was not qualified to offer expert opinion testimony regarding the concept of "fist loading" and, thus, the trial court erred in admitting this testimony. The decision of a trial court to allow expert testimony is reviewed for abuse of discretion. Weatherred, 5 S.W.3d at 542. Appellant's contention that Garcia was not qualified as an expert in "fist loading" is based on Garcia's testimony that he had only five minutes of training in the application of "fist loading." However, the record reveals that Garcia had been a police officer for over 11 years, had a bachelor's degree in law enforcement, held a Master Peace Officer's certificate issued by the State of Texas, had specialized training in hand-to-hand or close combat, and had received specific training regarding the concept of "fist loading." See TEX. R. EVID. 702. Based upon the entire

---

[6] We acknowledge that an expert's qualifications constitutes part of the reliability determination and we will address this specific objection below. In the present context, we refer to reliability to mean proof that the concept of "fist loading" is generally accepted and that Garcia's testimony was consistent with this generally accepted concept. See Kelly v. State, 824 S.W.2d 568, 573 (Tex.Crim.App. 1992).

record and after applying the standard of review for abuse of discretion, we cannot say that the trial court erred in admitting Garcia's testimony regarding "fist loading."

Having considered all of appellant's issues, we affirm the judgment of the trial court.

Mackey K. Hancock
Justice

Do not publish.