NO. 07-04-0264-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL C

OCTOBER 13, 2005

_____

JARED LITTRELL, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE
_____

FROM THE 181ST DISTRICT COURT OF RANDALL COUNTY;

NO. 15,678-B; HONORABLE JOHN BOARD, JUDGE
_____

Before QUINN, C.J., and REAVIS and HANCOCK, JJ.

**MEMORANDUM OPINION**

Appellant, Jared Littrell, appeals his conviction for aggravated assault enhanced by two final convictions and his jury-assessed sentence of 30 years incarceration in the Institutional Division of the Texas Department of Criminal Justice. We affirm.

In the late evening hours of October 28, 2003, appellant went to the home of Billy and Jessica Cain. During appellant's visit, an argument ensued between appellant and Billy Cain. The argument escalated into a physical encounter. At the conclusion of the

physical encounter, appellant pulled a small handgun from his person and pointed it at Billy while threatening to kill him. Appellant then put the gun away and started to leave, but returned when Billy made a further comment. Upon his return and while standing in front of Billy, Jessica and Olan Bay, appellant waived the gun about threatening to come back and get them. Appellant left the scene before the police arrived.

Appellant was subsequently charged with aggravated assault as to both Billy and Jessica Cain. At the consolidated trial of both offenses, appellant was acquitted of assaulting Jessica Cain but was convicted of the assault on Billy Cain.

Appellant presents three issues for consideration. The first and the third deal with admission of evidence and the trial court's denial of appellant's motions for mistrial. The second issue contends that the evidence was factually insufficient to support the conviction.

## EVIDENTIARY RULINGS

Appellant's first issue addresses the admissibility of the testimony of three witnesses: Mark Brown, Kissy Stiger and Richard Anderson. When dealing with issues regarding the admission of evidence, the standard of review is abuse of discretion. Weatherred v. State, 15 S.W.3d 540, 542 (Tex.Crim.App. 2000). A trial court abuses its discretion only when the reviewing court can say with confidence that no reasonable perception of the matter under consideration could have yielded the decision made by the trial court. See Montgomery v. State, 810 S.W.2d 372, 391 (Tex.Crim.App. 1990) (op. on reh'g). If the trial court's decision is correct on any theory of law applicable to the case, the

2

decision will be sustained.  See State v. Ross, 32 S.W.3d 853, 855-56 (Tex.Crim.App. 2000).

To properly answer the questions raised by appellant's first issue, a review of the allegedly improper testimony is required.  Kissy Stiger testified that she had seen appellant with a small handgun, similar in description to the handgun used in the assault, several days after the assault.  Stiger further testified that, immediately after seeing the appellant with the handgun, she heard a gunshot.  Appellant objected that Stiger's testimony was bolstering.  The State offered to forego the use of the testimony if appellant would stipulate to being in possession of a handgun, a deadly weapon, on the night of the indicted offense.  Appellant refused to do so.  The handgun used in commission of the aggravated assault was never located.  The trial court overruled appellant's bolstering objection.

Appellant then objected to Stiger's testimony on the basis of Texas Rule of Evidence 404(b).[1]  The trial court again overruled the objection stating that the evidence was admissible to prove an element of the offense, the use or exhibition of a deadly weapon. Under Rule 404(b), we must decide whether the testimony was admissible for a purpose other than to prove character conformity.  Id.  A party may introduce such character evidence where it logically serves to make more or less probable an elemental fact. Montgomery, 810 S.W.2d at 387.  Here, the State identified a purpose for the evidence, to prove an element of the offense, other than to prove the character of the appellant and

[1]Further reference to provisions of the Texas Rules of Evidence will be by reference to "Rule __."

3

his conformity therewith.  The trial court offered appellant a limiting instruction, which appellant declined.  After reviewing the record, we cannot say that the admission of this evidence was an abuse of discretion.[2]

On appeal, appellant makes the additional argument that Stiger's testimony was so prejudicial that, even if admissible, the prejudicial effect far outweighed its probative value. This is an objection under Rule 403.  At trial, the only objection made was pursuant to Rule 404(b) and that objection is separate from an objection under Rule 403. Santellan v. State, 939 S.W.2d 155, 169 (Tex.Crim.App. 1997).  Once the trial judge has ruled on whether the evidence is relevant beyond its character conformity value, he has ruled on the full extent of the opponent's Rule 404(b) objection. Id.  To preserve an issue for appellate review, the complaining party must make a timely objection to the trial court that properly states the specific grounds for the desired ruling if not apparent from the context of the request, objection, or motion.  TEX. R. APP. P. 33.1(a)(1); Butler v. State, 872 S.W.2d 227, 236 (Tex.Crim.App. 1994).  The complaint made on appeal must comport with the complaint made in the trial court, Heidelberg v. State, 144 S.W.3d 535, 537 (Tex.Crim.App. 2004), or there is nothing preserved for review. Id. at 542-43.  See also Euziere v. State, 648

---

[2] Assuming *arguendo* that the evidence should not have been admitted, a harm analysis must be conducted, pursuant to Texas Rule of Appellate Procedure 44.2(b), because the error is not constitutional error.  Therefore, the question becomes whether a substantial right of the appellant was affected.  Here, there were three eyewitnesses to the offense and all three identified the appellant as the perpetrator and that he exhibited a small handgun in the commission of the offense.  Thus, we conclude that the testimony of Stiger did not affect a substantial right of the appellant.  An examination of the record as a whole demonstrates that the alleged error did not influence the jury or had but a slight effect.  Garcia v. State, 126 S.W.3d 921, 927 (Tex.Crim.App. 2004).

S.W.2d 700, 703-04 (Tex.Crim.App. 1983). As appellant made no objection based upon Rule 403, this argument was not preserved for this court to review.

Next, we review the admission of Detective Brown's testimony. Brown was called during the guilt/innocence portion of the trial to testify regarding his investigation of the charged aggravated assault. This testimony was received at the close of the day. The next morning, appellant moved to strike and to instruct the jury to disregard Brown's testimony. Contrary to the assertion in appellant's brief, Brown's testimony was not admitted, rather, the trial court granted both of appellant's motions but denied appellant's motion for mistrial. In connection with appellant's first issue, the trial court granted appellant's requested relief when it struck the testimony of Brown.[3]

Detective Anderson testified that, on November 10, 2003, he contacted appellant and ordered him to the ground in an attempt to detain him. Appellant ignored the order and fled, but was subsequently captured. Without explanation, appellant concludes that Anderson's testimony was highly prejudicial and should not have been admitted. A review of the record reveals that a hearing was conducted outside of the jury's presence at which appellant objected based upon the prejudicial effect of Anderson's testimony and under Rule 404(b). Subsequently, appellant agreed to stipulate as to the date appellant was arrested for the charged offense and, by agreement of the parties, Anderson's testimony was limited to appellant's attempt to flee. The purpose of this flight testimony was to show, by inference, appellant's knowledge of guilt. See Foster v. State, 779 S.W.2d 845, 859

---

[3] The curative effect of the motion to disregard the testimony of Brown will be reviewed in connection with appellant's third issue.

5

(Tex.Crim.App. 1989). Appellant made no further objection to this testimony. Therefore, nothing has been preserved for appeal regarding Anderson's testimony on guilt or innocence. TEX. R. APP. P. 33.1(a)(1); Butler, 872 S.W.2d at 236. The complaint made on appeal must comport with the complaint made in the trial court, Heidelberg, 144 S.W.3d at 537, or there is nothing preserved for review. Id. at 542-43. See also Euziere, 648 S.W.2d at 703-04.[4] We find no error in the trial court's admission of Anderson's testimony.

Having found no error in the testimony complained of, we overrule appellant's first issue.

## FACTUAL SUFFICIENCY

Appellant next contends that the evidence was factually insufficient to sustain the conviction. When an appellant challenges the factual sufficiency of his conviction, the reviewing court must ultimately determine whether, considering all the evidence in a neutral light, the jury was rationally justified in finding defendant guilty beyond a reasonable doubt. See Zuniga v. State, 144 S.W.3d 477, 484 (Tex.Crim.App. 2004). There are two ways in which the evidence may be insufficient. First, when considered by itself, evidence supporting the verdict may be too weak to support the finding of guilt beyond a reasonable doubt. Id. Second, considering all of the evidence, both for and against the verdict, the contrary evidence may be so strong that the beyond-a-reasonable-doubt standard could not have been met. Id. at 484-85. If we conclude that the evidence was factually sufficient

---

[4] In as much as TEX. CRIM. PROC. CODE ANN. art. 37.07 § 3(a)(1) (Vernon 2004) provides that extraneous offenses are admissible for punishment, we have construed appellant's brief to complain only about the guilt or innocence testimony of Anderson.

to support the conviction, we must address appellant's main argument and explain why we are not persuaded by it. Sims v. State, 99 S.W.3d 600, 603 (Tex.Crim.App. 2003).

Initially, appellant attacks the evidence as being insufficient to prove that he threatened imminent bodily injury. Appellant's position is based upon the assumption that, because Olan Bay opted not to press charges and because the jury acquitted appellant of the aggravated assault of Jessica Cain in the companion case, the evidence regarding the threat to come back and get them was insufficient to prove the element of a threat of imminent bodily injury. Further, appellant asserts that, because the evidence proved that appellant and Billy Cain had a physical altercation that appellant lost, appellant could not have threatened to inflict serious bodily injury to Billy.

We are not persuaded by appellant's argument because the record reflects Billy testified that, after he let go of appellant during the physical altercation, appellant pulled a small gun and pointed it directly at Billy's face while threatening to shoot him. Billy further testified that appellant was within two to three feet of him when appellant made the threat. Appellant's threat to come back and get Billy, Jessica and Olan, upon which appellant's contention rests, was made later. The evidence regarding each threat was submitted to the jury for their evaluation and determination of the weight and credibility to be afforded the witnesses' testimony. We must give appropriate deference to the jury's credibility determination in our review of the sufficiency of the evidence. Santellan, 939 S.W.2d at 164. After reviewing all of the evidence, in a neutral light, we cannot say that the evidence supporting the verdict was so weak or that the contrary evidence was so strong that the

7

jury could not have rationally found appellant guilty beyond a reasonable doubt. Zuniga, 144 S.W.3d at 484. Appellant's second issue is, therefore, overruled.

REFUSAL TO GRANT MISTRIAL

By his final issue, appellant contends that the failure of the trial court to grant a mistrial constitutes reversible error. Appellant opines that this court must begin its analysis by assessing harm, as articulated in Mosley v. State, 983 S.W.2d 249 (Tex.Crim.App. 1998). However, such assertion presumes error. The initial inquiry is to determine if the trial court erred, which we do by reviewing the denial of the motion for mistrial under an abuse of discretion standard. Simpson v. State, 119 S.W.3d 262, 272 (Tex.Crim.App. 2003), cert. denied, 124 S.Ct. 2837 (2004). Mistrial is appropriate only for "highly prejudicial and incurable errors." Wood v. State, 18 S.W.3d 642, 648 (Tex.Crim.App. 2000). It may be used to end trial proceedings when error is so prejudicial that "expenditure of further time and expense would be wasteful and futile." Id. Generally, a prompt instruction to disregard will cure error associated with an improper question and answer. Ovalle v. State, 13 S.W.3d 774, 783 (Tex.Crim.App. 2000). The determination of whether a given error is so harmful as to require a mistrial must be made by examining the particular facts of the case. Wood, 18 S.W.3d at 648.

The first motion for mistrial that appellant complains of was made and denied on the morning after Brown testified during the guilt/innocence phase of the trial. Appellant contends that Brown's testimony, when coupled with that of Kissy Stiger, left an indelible impression on the minds of the jury that an instruction to disregard could not remove and,

8

thus, caused harm. This assertion is based upon two assumptions. First, that Stiger's testimony was inadmissable as testimony of "other crimes, wrongs or acts." Second, that Brown's testimony represented appellant as a murderer before the jury.

We resolved appellant's assumption regarding the testimony of Stiger against appellant above when we found that there was no error in admitting this evidence. Regarding Brown's testimony, a review of the record reveals that he never testified that he was investigating appellant for a murder. Rather, he simply answered that his current assignment with the Amarillo Police Department was as a homicide investigator. He then stated that he had investigated a case involving appellant. If the testimony had stopped there, a jury might infer that appellant was being investigated for murder, however, the record reveals that Brown was then asked what witnesses he had interviewed in connection with the investigation of appellant. Brown testified that he interviewed Billy Cain, Jessica Cain and Olan Bay. These are the two victims and the eyewitness to the charged assault. From this, appellant asserts that he was classified as a murderer and, therefore, any instruction to disregard was ineffective.

In applying the applicable standard of review, we must determine whether Brown's testimony was so highly prejudicial and incurable that further expenditure of time and expense would be wasteful and futile. Id. Based upon the state of the record, the complained of evidence was not of such a nature as to require mistrial. Therefore, we conclude that the trial court did not abuse its discretion in denying appellant's motion for mistrial. Simpson, 119 S.W.3d at 272.

9

Appellant next contends that the trial court erred by denying his motion for mistrial made during the punishment phase of the trial. Again, Brown was the witness involved. Appellant again characterizes the testimony as portraying appellant as a murderer. A review of the record reveals that Brown was called as a witness to testify about appellant's character for being a peaceful and law abiding citizen. Brown testified that, "My opinion is that he would be and is a danger to the community." Appellant objected that the answer was "non-responsive," which the trial court sustained. The jury was asked to disregard the last answer and were so instructed. Finally, a mistrial was requested and the motion was denied. Appellant asserts that the jury was instructed to disregard all of Brown's testimony which, as shown above, is not an accurate portrayal of the trial court's ruling.

Appellant's characterization of the testimony of Brown is woefully inaccurate. Based upon the actual record, we find that the testimony was not of such a nature that an instruction to disregard was not effective. Ovalle, 13 S.W.3d at 783. As such, we conclude that the trial court did not abuse its discretion in denying the motion for mistrial. Simpson, 119 S.W.3d at 272.

Finally, appellant contends that his motion for mistrial should have been granted during the punishment phase of the trial when Officer Stephens testified regarding certain prior convictions of appellant. Exhibit 19 was a "pen packet" that was presented to Stephens who then testified about its contents. Included within the exhibit was a conviction in cause number F9731786-TN for the offense of felony theft. Appellant objected to admission of this conviction alleging that proper notice of the State's intent to use the conviction had not been given pursuant to appellant's written request for discovery. The

trial court sustained the objection and cause number F9731786-TN was redacted from the exhibit and the jury was instructed to disregard Stephens's previous testimony. Appellant moved for a mistrial, which the court denied.

Appellant argues that Stephens testified that appellant was a career criminal. However, a review of Stephens's testimony reveals that nowhere did Stephens make such a statement. Rather, the record reveals that appellant had five prior convictions and, while this could lead to the conclusion that appellant was a career criminal, appellant fails to identify any error in the trial court's admission of those convictions for which the State gave proper notice. In fact, the objection to that portion of Exhibit 19 containing the objectionable final judgment was sustained and the jury was instructed to disregard the testimony concerning that one conviction. It is noteworthy that the jury found the enhancement portion of the indictment true, which raised appellant's minimum sentence to 25 years, even though the objected to conviction was stricken. The jury subsequently assessed punishment at confinement for 30 years and a $10,000.00 fine. When all of the facts are analyzed, with Stephens's testimony placed in proper perspective, we cannot say that this evidence was of such a nature that an instruction to disregard could not cure any error in initially admitting the objectionable conviction. Ovalle, 13 S.W.3d at 783. Thus, we conclude that the trial court did not abuse its discretion by denying the motion for mistrial. Simpson, 119 S.W.3d at 272. Therefore, we overrule appellant's third issue.

Having found no error, we affirm the judgment of the trial court.


Mackey K. Hancock
Justice


Do not publish.