COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS



| | | |
|---|---|---|
| LUIS DOMINGUEZ, JR., | § | No. 08-13-00143-CR |
| Appellant, | § | |
| | § | Appeal from the |
| v. | § | |
| | | 243rd Judicial District Court |
| | § | |
| THE STATE OF TEXAS, | | of El Paso County, Texas |
| | § | |
| Appellee. | | (TC# 20080D03880) |
| | § | |

# O P I N I O N

This is an appeal from a conviction in a felony driving while intoxicated case. Appellant was indicted under a felony charge based on two prior convictions for DWI ascribed to him. The only issues on appeal pertain to whether the State adequately proved those prior convictions. For the reasons that follow, we affirm.

## FACTUAL SUMMARY

Appellant was stopped by the police on July 8, 2008, because of his erratic driving. The stop led to his arrest and indictment for driving while intoxicated. The indictment alleged that he had been convicted twice before, once for driving while intoxicated on November 27, 1995, in Cause No. 950C04391, and again for driving while intoxicated on October 30, 1997, in Cause No. 960D10797. As the issues on appeal only pertain to the proof of these prior convictions, we omit a recitation of the evidence used to establish his guilt for driving while intoxicated on

July 8, 2008.

The State had on three occasions over the long pretrial history of this case disclosed its intention to called Dale Fernandez as a fingerprint expert to prove up the prior conviction packets for Appellant. He was designated as a testifying expert in 2009, 2011, and 2012 filings by the State. Just prior to the trial setting that resulted in this conviction, Appellant filed a "Motion for Voir Dire of Expert Witness" requesting a preliminary hearing on any expert's qualifications, and seeking a chance to question any expert on their underlying facts and data. Nothing in the record indicates that the motion was ever set for hearing or ruled upon.

The State called Dale Fernandez as its first witness and elicited from him testimony of these qualifications: he had been an investigator in the District Attorney's Office for eleven years; he had previously been with the El Paso Police Department for twenty-five years, with twelve of those years dealing with fingerprints; he was a crime scene investigator with the police department, assigned to the fingerprint section where he took fingerprints on a daily basis for four years; he completed the basic and advanced courses on fingerprint identification conducted by the Federal Bureau of Investigation, but held no FBI certifications; and he had taken seven or eight other related courses. Fernandez had testified at least seventy times as a fingerprint expert.

Fernandez testified without objection to basic tenets of the science of fingerprinting. He took Appellant's fingerprints and affixed them on a fingerprint card admitted as State's Exhibit 1. He was then asked to compare the fingerprints that he had taken of Appellant to those on State's Exhibit 2, which is a 1995 judgment of conviction for DWI under Cause 950C04391. Appellant's counsel then objected to Fernandez' qualifications, contending that "he's not certified as a fingerprint expert by the FBI." The trial court overruled the objection and Fernandez testified that Appellant's prints matched those on State's Exhibit 2. Then, over the

2

same objection, he testified that Appellant's fingerprints matched those on the original judgment of conviction represented by State's Exhibit 3, which was a certified copy of the October 30, 1997, conviction DWI in Cause 960D10797. On State's Exhibit 3, the copied thumbprint was deemed by Fernandez to be too light for comparison. Therefore he made the comparison off of the prints on the original judgment.

Both State's Exhibits 2 and 3 were admitted into evidence. No objection was lodged to State's Exhibit 2. Appellant's only objection to State's Exhibit 3 pertained to a claim that the conviction was void because of what appears to be a typographical error in the indictment.[1] That singular objection was overruled.

On cross-examination, Fernandez conceded that the FBI offered a certification in fingerprinting, but he had never pursued it. He testified that there are three patterns of fingerprints--a loop, a whorl, and an arch. A person might have any one, two, or combination of all three patterns. He found the whorl on Appellant's right thumb matched that on the convictions. It took around ten minutes for Fernandez to make the comparison between the fingerprint exemplar he made and the prints on the prior judgments.

Fernandez was also cross-examined about why he had not used the "Henry" classification of fingerprints. But when asked if the Henry system was accurate, the witness explained the system is just a lettering/numbering system used for the manual filing and retrieval of fingerprint cards. It has become obsolete with the advent of the AFIS system that uses computer databases

---

[1] State's Exhibit 3 reflects a conviction in Cause No 960D10797 for DWI subsequent, and as an element of that offense, the indictment referenced a prior conviction of Appellant. The conviction was identified in the Indictment as Cause 950D04391 which actually pertains to a different person. The Indictment likely should have referred to 950C04391 which does pertain to Appellant. The difference in the two cause numbers is the substitution of a "D" for what probably should have been a "C." As Appellant does not claim any error based on this issue, we express no opinion on the significance, if any, of this claim made at trial.

for later comparisons.[2]

The balance of the trial testimony pertained to Appellant's encounter with the police on the night he was arrested and whether he was impaired. After the State rested, Appellant moved for a directed verdict, contending that one of the prior convictions was void and that no rational jury could find all the necessary elements of the offense beyond a reasonable doubt. That motion was overruled and the jury convicted Appellant of the indicted charge, and assessed a five year sentence together with a $1,000 fine.

Appellant's brings two issues for review. In Issue One, he contends the trial court abused its discretion in allowing fingerprint testimony "over the objection of counsel." In his second issue, he complains the trial court erred in refusing to grant his motion for directed verdict because the evidence was legally insufficient to prove the prior two DWI convictions. We address each of these contentions in turn.

## ADMISSIBILITY OF FINGERPRINT TESTIMONY

The framework of Texas evidentiary rules requires a trial judge to make at least three separate inquiries before admitting expert testimony: (1) is the witness qualified as an expert by reason of knowledge, skill, experience, training, or education; (2) is the subject matter of the testimony an appropriate one for expert testimony; and (3) will the expert testimony actually assist the fact finder in deciding the case? *Vela v. State*, 209 S.W.3d 128, 131 (Tex.Crim.App. 2006). "These conditions are commonly referred to as (1) qualification, (2) reliability, and (3) relevance." *Id*.

We review a trial court's ruling on the admissibility of scientific expert testimony under an abuse of discretion standard. *Weatherred v. State*, 15 S.W.3d 540, 542 (Tex.Crim.App.

---

[2]*See Robinson v. City of Chicago*, 868 F.2d 959, 964 n.3 (7th Cir. 1989)(noting that since 1987 a computerized system called AFIS has largely replaced the older manual Henry classification system previously used).

4

2000).  A trial court abuses its discretion when its ruling falls outside "the zone of reasonable disagreement." *Montgomery v. State,* 810 S.W.2d 372, 391 (Tex.Crim.App. 1990)(op. on reh'g).

At the outset, the State points to a disconnect between Appellant's objection before the trial court, and the arguments advanced on appeal.  The objection at trial was directed to the first threshold issue of witness qualifications as an expert.  On appeal, however, the majority of Appellant's brief is devoted to a discussion of the relevance and reliability requirements for expert testimony.  Indeed, his brief claims "Appellant's first issue, contends that the State's fingerprint expert's opinion was not based on a reliable methodology under *Daubert v. Merrell Dow Pharmaceuticals*, 509 U.S. 579 (1993)(establishing the test a trial court must employ pursuant to rule of evidence 702 when determining whether an expert's opinion is reliable)."

To preserve error, a party must "let the trial judge know what he wants, why he thinks himself entitled to it, and to do so clearly enough for the judge to understand him at a time when the trial court is in a proper position to do something about it."  *Lankston v. State,* 827 S.W.2d 907, 909 (Tex.Crim.App. 1992).  In the context of the admission of evidence, that requires the aggrieved party to timely object to the evidence at trial, stating the specific grounds for the desired ruling.  TEX.R.APP.P. 33.1(a)(1).

A corollary to this requirement is that a complaint raised on appeal cannot vary from that raised at trial.  *Euziere v. State,* 648 S.W.2d 700, 703-04 (Tex.Crim.App. 1983); *Goff v. State*, 931 S.W.2d 537, 551 (Tex.Crim.App. 1996)("Where his trial objections do not comport with his arguments on appeal, appellant has failed to preserve error on those issues."); *Camacho v. State*, 864 S.W.2d 524, 533 (Tex.Crim.App. 1993).  For instance, in *Martinez v. State,* 22 S.W.3d 504 (Tex.Crim.App. 2000), the defendant objected at trial to a State's expert based on hearsay and confrontation clause grounds.  *Id*. at 506-07.  A panel of this Court reversed the conviction in

5

part based on an argument that the expert lacked proper qualifications. *Martinez v. State,* 993 S.W.2d 751, 758-59 (Tex.App.--El Paso 1999), *rev'd*, 22 S.W.3d 504 (Tex.Crim.App. 2000). The Court of Criminal Appeals in turn reversed this Court, based on the rule that a complaint on appeal must comport with the complaint raised at trial. 22 S.W.3d at 507. The appellant in *Martinez* had waived the expert qualification issue because that objection had not been made at trial. *Id.*

One purpose for raising a proper objection before the trial judge is to give the opposing party the opportunity to cure the error. *Martinez*, 22 S.W.3d at 507. Had the issues of relevance or reliability of Fernandez' testimony been expressly raised below, either the State or the trial judge could have made a more searching inquiry into the basis and methodology of his opinion. As it was, Appellant seemingly conceded those issues at trial and instead focused only on his qualifications, and that only based upon his lacking an FBI certification. Accordingly, we agree that the relevance and reliability arguments as made in Appellant's brief are waived. *Martinez*, 22 S.W.3d at 507; *Turner v. State*, 252 S.W.3d 571, 584 n.5 (Tex.App.--Houston [14th Dist.] 2008, pet. ref'd)(objection to the expert witness's qualifications did not preserve for appellate review claim that expert opinion was scientifically unreliable); *Ovalle v. State*, No. 13-12-00272-CR, 2014 WL 69545, at *13 (Tex.App.--Corpus Christi Jan. 9, 2014, pet. ref'd)(mem. op., not designated for publication)(objection that pen packet was not original did not preserve issue of fingerprint expert's qualifications or methodology in linking packet to defendant).

There are three issues the trial court considers in an expert reliability challenge: (1) that the underlying scientific theory is valid; (2) whether the technique applying the theory is valid; and (3) whether the technique was properly applied on the occasion in question. *See Weatherred,* 15 S.W.3d at 542; *Kelly v. State,* 824 S.W.2d 568, 573 (Tex.Crim.App. 1992).

6

Even to the extent that we would have entertained the relevance and reliability challenges, we would have immediately been confronted with *Russeau v. State*, 171 S.W.3d 871, 883 (Tex.Crim.App. 2005). There, the Texas Court of Criminal Appeals concluded that fingerprint comparison testimony is generally admissible under TEX.R.EVID. 702 "because it is reliable and it assists the trier of fact in its task of determining whether a latent fingerprint is that of a particular person." Thus following *Russeau*, the only remaining inquiry could have been whether the fingerprint technique used by Fernandez was properly applied. The record demonstrates he described three distinct fingerprint patterns used in the analysis (loops, whorls, and arches) and testified that he found a match in the whorls found on Appellant's right thumb prints. Faced with no objection on the method used by this expert, and no testimony that he improperly applied his craft, the trial court did not abuse its discretion in admitting the testimony.

And if we liberally construe Appellant's Brief to raise the actual objection made below that Fernandez was not qualified, on this record we would reject that argument as well. The actual objection was that the witness was not qualified because he lacked an FBI certification. Appellant points us to no Texas cases, and we have found none, that establishes FBI certification as a minimal required qualification to testify to fingerprint analysis.[3] An expert may be qualified based on "knowledge, skill, experience, training, or education." TEX.R.EVID. 702; *Wyatt v. State,* 23 S.W.3d 18, 27 (Tex.Crim.App. 2000)(over objection expert was not "licensed," court permitted expert based on specialized knowledge derived from education, practical experience, a

---

[3] In *U.S. v. Llera Plaza*, 188 F.Supp.2d 549 (E.D. Pa. 2002), the court held extensive pretrial hearings on the admissibility of fingerprint testimony. That court notes that the federal government only presents FBI certified fingerprint analysts at trial, and that the requirements of the certification include a bachelor's degree, preferably in one of the basic sciences, a two year in-house program, passing a certification test, and on-going proficiency testing. *Id*. at 555 n.2. The opinion also notes, however, that much of the controversy in fingerprint identification is in the context of comparing a set of rolled fingerprints on a fingerprint card to latent prints lifted from a crime scene. *Id.* at 557-58. The crime scene prints are often only partial prints or are otherwise distorted which creates the challenge in making comparisons. *Id*. In this case, we are only concerned with an examiner comparing two sets of rolled prints.

7

study of technical works, or a varying combination of the same); *Harrison v. State* No. 2-02-339-CR, 2003 WL 21513618, *3 (Tex.App.--Fort Worth July 3, 2003, no pet.)(mem. op., not designated for publication)(upholding admission of fingerprint expert with years of experience and attendance at FBI training). Fernandez testified to years of experience in the fingerprinting field, along with training and education through the FBI and other course work. He had been qualified numerous times as an expert. Based on the objection made at trial, we hold the trial court did not abuse its discretion in permitting his testimony in this case and accordingly Issue One is overruled.

## SUFFICIENCY OF THE EVIDENCE

Appellant also challenges the legal sufficiency of the evidence to support his conviction, but the challenge is specifically limited to the element of the two prior convictions for DWI. To establish that a defendant has been convicted of a prior offense, the State must prove beyond a reasonable doubt that (1) the prior conviction exists, and (2) the defendant is linked to that conviction. *Flowers v. State,* 220 S.W.3d 919, 921 (Tex.Crim.App. 2007). In proving these elements, the State may use "[a]ny type of evidence, documentary or testimonial . . . ." *Id.* at 922. The fact finder looks at the totality of the admitted evidence to determine whether there was a previous conviction and whether the defendant was the person convicted. *Id.* at 923.

In our legal sufficiency review, we consider all of the evidence in the light most favorable to the verdict, and the reasonable inferences that flow from it, to determine whether any rational jury could have found the essential elements of the offense beyond a reasonable doubt. *Jackson v. Virginia,* 443 U.S. 307, 319, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560 (1979); *Brooks v. State,* 323 S.W.3d 893, 895 (Tex.Crim.App. 2010). "If, given all of the evidence, a rational jury would *necessarily* entertain a reasonable doubt as to the defendant's guilt, the due process guarantee

8

requires that we reverse and order a judgment of acquittal." *Guevara v. State*, 152 S.W.3d 45, 49 (Tex.Crim.App. 2004).

Based on disposition of Issue One, the jury properly had before it both certified convictions for the 1995 and 1997 DWI convictions. One of those convictions had several identifiers independent of the fingerprints, such as a date of birth, and a street address, which tied the conviction to Appellant. The jury also had the testimony of the fingerprint expert tying both convictions to Appellant. There was legally sufficient evidence to support the prior conviction element of the offense. Accordingly, we overrule Issue Two and affirm the judgment below.

March 11, 2015

ANN CRAWFORD McCLURE, Chief Justice

Before McClure, C.J., Rodriguez, and Hughes, JJ.

(Do Not Publish)

9