Robert Leon **EUZIERE,** Appellant,

v.

The **STATE** of Texas, Appellee.

No. 64313.

Court of Criminal Appeals of Texas, En Banc.

April 20, 1983.

John D. Byers, Sulphur Springs, for appellant.

Robert Huttash, State's Atty., and Alfred Walker, Asst. State's Atty., Austin, for the State.

## OPINION

MILLER, Judge.

Appellant was convicted by a jury of the offense of bail jumping and failure to appear, a felony under V.T.C.A., Penal Code, § 38.11(a), (f); after the jury found the two enhancement paragraphs true, the judge sentenced appellant to life in prison pursuant to V.T.C.A., Penal Code, Sec. 12.42(d). Appellant asserts eight grounds of error.

The relevant facts are as follow. On September 28, 1977, a complaint was filed against appellant for possession of marihuana. Bond was set by the magistrate at $10,000.00, conditioned upon appellant's instanter appearance before the district court. On February 24, 1978, appellant was indicted for that offense, and the bond was continued pursuant to Article 17.09, §§ 1, 2, V.A.C.C.P. On April 14, 1978, appellant was reindicted with enhancement paragraphs added; again bond was continued. After several court appearances on the reindictment, appellant was scheduled to appear in court on July 31, 1978. Appellant failed to appear, whereupon his bond was forfeited and a judgment nisi entered. On August 3, 1978, a capias instanter was issued for appellant's arrest. He was arrested on September 26, 1978, in Dallas. The indictment for the failure to appear charge was filed on March 2, 1979, and trial on the merits was had on May 14, 1979.

In his first and fifth grounds of error, respectively, appellant contends that the State did not prove the terms and conditions of appellant's release and that the State failed to prove that appellant knowingly and intentionally failed to appear in court on July 31, 1978. Since these grounds of error are related, we will consider them together.

■ At trial, the state introduced the bail bond issued when appellant was released from custody on September 28, 1977.

That bond set out the terms and conditions of appellant's release and directed appellant to appear instanter in the court in which he was indicted. The bond further provided that appellant was to:

"there remain from day to day and term to term of said court, until discharged by due course of law, then and there to answer said accusation against him, and shall appear before any court or magistrate before whom the cause may hereafter be pending at any time when and place where, his presence may be required under the Code of Criminal Procedure of the State of Texas or by any court or magistrate . . . . "

This language apprises appellant of his obligations to the court and sets forth the terms and conditions of appellant's release. Ground of error number one is overruled.

■ With regard to ground of error number five, appellant argues that the state failed to show the required mental state since it could not establish that appellant had notice of the court appearance. In *Caudillo v. State,* 541 S.W.2d 617 (Tex.Cr. App.1976), the defendant was held under an almost identical bail bond. We held, citing, *International Fidelity Insurance Company v. State,* 495 S.W.2d 240 (Tex.Cr.App.1973), that the instanter bond gave proper notice as to when the defendant was to appear. Bond in this cause likewise directs appellant to appear instanter. We hold that such wording of the bond provides appellant with sufficient and proper notice. Since appellant had notice of the setting and since appellant asserts "no reasonable excuse"[1] for his failure to appear,[2] the evidence is sufficient to prove that appellant intentionally and knowingly failed to appear in accordance with the terms of his release. See *Caudillo,* supra at 619. Appellant's fifth ground of error is overruled.

---

1. V.T.C.A., Penal Code, § 38.11(c), states: "It is a defense to prosecution under this section that the actor had a reasonable excuse for his failure to appear in accordance with the terms of his release."

2. There is no evidence in the record that either appellant's attorney or bondsman gave appellant any directions regarding notice of appearance contrary to those given when appellant was released.

In appellant's second ground of error, he challenges the admission into evidence of extraneous offenses because such admission so prejudiced the jury so as to deny him due process of law. The "offenses" to which appellant refers were: (1) the felony possession of marihuana offense for which he was originally arrested and for which he posted the bond on September 28, 1977, that contained the conditions of his release, (2) the re-indictment of that offense (excluding the enhancement paragraphs which were not introduced), and (3) the capias warrant of arrest issued when his bond was forfeited. In his brief, appellant alludes to eight instances where this evidence was raised.

■ Initially, we will consider only those instances where proper objection was made. In seven instances, appellant objected on one of the following grounds: that the question was global, misleading, repetitive, or immaterial and irrelevant. These objections do not preserve the issue; an objection raised on appeal will not be considered if it varies from the objection made at trial. *Seals v. State,* 634 S.W.2d 899, 909 (Tex.App.1982), and cases cited therein; *Bouchillon v. State,* 540 S.W.2d 319 (Tex.Cr.App. 1976).

■ Appellant did object twice to references to the simple possession of marihuana offense on the grounds that the evidence would inflame the minds of the jury members.[3] As a general rule, where two or more offenses are so blended or connected with one another, evidence of the commission of any or all of them is admissible on the trial for any offense which is itself a detail of the whole scheme. *Ward v. State,* 581 S.W.2d 164 (Tex.Cr.App.1979), citing *Salazar v. State,* 137 Tex.Cr.R. 448, 131 S.W.2d 761 (1939). Moreover, proof of another offense is admissible if it is a part of the offense on trial. *Kinsey v. State,* 639 S.W.2d 486, 490 (Tex.App.1982).

■ The bond containing the terms of appellant's release was posted after his initial arrest for possession of marihuana, a felony. It was continued when appellant was indicted for that offense and further continued when he was re-indicted for possession of marihuana as an habitual offender. Appellant's failure to appear for a setting in the re-indicted case was the nexus of the offense for which he was tried. The state properly demonstrated to the jury that the bond in question was posted for the same criminal action[4] in which appellant ultimately failed to appear for a setting. Appellant's second ground of error is overruled.

■ In his third ground of error, appellant contends that the prosecutor committed reversible error in his final arguments to the jury. Appellant asserts over thirteen improper statements made by the prosecutor. The brief, in assignment of error, must state the grounds separately. *Bodiford v. State,* 630 S.W.2d 847, 850 (Tex.App.1982). This ground of error is multifarious and thereby fails to comply with V.A.C.C.P., Art. 40.09(9); no error is preserved. However, we have reviewed this ground of error and found that in each of these alleged violations appellant either made no objection or the objection made was improper, not ruled upon, or varied from the objection raised on appeal. The general rule is that any impropriety in the prosecutor's argument to the jury is waived by a defendant's failure to make a proper, clear, and timely objection. *Romo v. State,* 631 S.W.2d 504 (Tex.Cr.App.1982), citing *Archer v. State,* 474 S.W.2d 484 (Tex.Cr.App.1972); see also *McMahon v. State,* 582 S.W.2d 786, 791 (Tex.Cr.App.1979), cert. denied; *McCormick v. Texas,* 444 U.S. 985, 100 S.Ct. 492, 62 L.Ed.2d 414 (1981); *Carr v. State,* 600 S.W.2d 816 (Tex.Cr.App.1980), *Miller v. State,* 566 S.W.2d 614 (Tex.Cr.App.1978). Moreover, objection raised on appeal will not be considered if it varies from the ob-

---

3. By addressing these points, we do not intend to nor do we approve the objections made in this manner. These two instances were the only two times appellant approached a sound objection.

4. Article 17.09, § 2, V.A.C.C.P..

jection made at trial. *Seals,* supra; *Simpkins v. State,* 590 S.W.2d 129 (Tex.Cr.App. 1979); *Bouchillon,* supra. No error is preserved. Appellant's third ground of error is overruled.

■ In his fourth ground of error, appellant contends that the trial judge took judicial notice of Art. 17.09, V.A.C.C.P., in the context that bond in one cause of action can be transferred to another cause of action. The ground of error presented in appellant's brief is multifarious, complaining of numerous alleged errors; therefore, it fails to present error to this court. Art. 40.09, V.A.C.C.P.; *Bodiford v. State,* 630 S.W.2d 847, 850 (Tex.App.1982), citing *Wilson v. State,* 581 S.W.2d 661 (Tex.Cr.App. 1979). Even if the error were set out separately, since no specific objection was raised at trial, again no error is preserved for review. *Carr,* supra; *Quionones v. State,* 592 S.W.2d 933 (Tex.Cr.App.1980). Appellant's fourth ground of error is overruled.

■ In appellant's sixth ground of error, he alleges that he did not receive a fair and impartial trial because the judge questioned the Franklin County clerk concerning a capias issued on August 3, 1978. Appellant contends that the questioning was improper since the capias was not in evidence, and in so doing, the judge thereby assumed an partial role in the trial. The crucial fact absent from appellant's allegation is that the questioning of this witness took place during a hearing on the merits of appellant's motion to dismiss related to the Speedy Trial Act.[5] During the questioning, the jury was not present and the judge was simply eliciting information in order to determine the propriety of appellant's motion. It is not error for a judge to speak to a witness outside the presence of the jury. *Young v. State,* 49 Tex.Cr.R. 207, 92 S.W. 841, 843 (1906). Additionally, the objection made at trial differs from that raised on appeal. No error is preserved for review. See *Esquivel v. State,* 595 S.W.2d 516 (Tex. Cr.App.1980); *Simpkins,* supra. Appellant's sixth ground of error is overruled.

In his seventh ground of error, appellant alleges that the trial court erred in failing to dismiss the charges against appellant based upon the Speedy Trial Act. Appellant argues that his arrest on September 26, 1978, constituted an arrest within the meaning of the Speedy Trial Act and that he should have been afforded a trial within 120 days of that arrest.

We will consider, first, the procedural history of appellant's detention. Appellant was scheduled for an appearance on July 31, 1978, in the Franklin County District Court. When appellant failed to make the appearance, the bond was forfeited and a judgment nisi entered. On August 3, 1978, a capias instanter was issued against appellant. On September 26, 1978, appellant was taken into custody in Dallas pursuant to this capias. The magistrate's hearing certificate indicated that, subsequent to his arrest, appellant was given the standard warnings and apprised that he was being held for possession of marihuana from Nueces County, possession of marihuana from Franklin County, and habitual criminal charges for possession of marihuana from Franklin County. Subsequently, appellant was sent to the Texas Department of Corrections. The indictment in the instant case was filed on March 2, 1979. Trial on the merits was had on May 14, 1979.

■ Given this procedural outlay, we must next determine when the Speedy Trial Act time limitations began. The Speedy Trial Act directs that a criminal action commences at the filing of an indictment or, if the defendant is detained to answer for the same offense or any other offense arising out of the same transaction, at the time of arrest. Sec. 32A.02(2)(a), V.A.C.C.P.. There is no evidence, other than assertions by appellant, to prove that appellant was arrested on September 26, 1978, for the offense of failing to appear. Rather, the record shows that appellant was arrested pursuant to the capias and bond forfeiture in order to answer for the marihuana charges. The time limits of the Speedy

5. Article 32A.02, V.A.C.C.P..

Trial Act, therefore, began to run when the indictment for failure to appear was returned to the grand jury. Since the state proceeded to trial well within the 120 days set by the Act, no violation of appellant's rights is shown. Appellant's seventh ground of error is overruled.

In his last ground of error, appellant contends that the sheriff of the county was called as a witness and also served as bailiff contrary to Art. 36.24, V.A.C.C.P.. Sheriff Don Qualls, a sheriff of Franklin County, was called by appellant to testify. Appellant asserts that three references by the trial judge to a "sheriff" was directed toward Sheriff Qualls: the judge requested the sheriff to hand a note to the jurors, take the jurors downstairs for drinks, and take the jurors to the restroom. There is no evidence that the "sheriff" referred to by the judge was the Sheriff Qualls that testified. Appellant's eighth ground of error is overruled.

Finding no error, we affirm the judgment of the trial court.