**David Allen FISH, Appellant,**

v.

**The STATE of Texas, Appellee.**

No. 85–86–01024–CR.

Court of Appeals of Texas, Dallas.

July 24, 1987.

Discretionary Review Refused Oct. 14, 1987.

Joe Weis, Greenville, for appellant.

F. Duncan Thomas, Greenville, for appellee.

Before DEVANY, THOMAS and McCRAW, JJ.

DEVANY, Justice.

David Allen Fish appeals his conviction for jumping bail. Appellant waived trial by jury, and pleaded not guilty in a trial before the court. The court found appellant guilty and sentenced him to five years' confinement in the Texas Department of Corrections. In six points of error, appellant claims that (1) the trial court erred in holding the evidence sufficient to sustain the conviction that appellant failed to appear before the 354th judicial district court; (2) the trial court erred in holding the evidence sufficient to sustain the conviction when there was a material and fatal variance between the court in which appellant was alleged to have failed to appear and the court proved; (3) the trial court erred in holding the evidence sufficient to sustain the conviction when the State failed to establish prima facie proof that appellant was notified of the court in which he was to appear; (4) the conviction is void because the statute upon which the prosecution is based is unconstitutionally vague in violation of the 14th amendment to the Constitution of the United States and Article I, section 10 of the Constitution of the State of Texas, as applied to the facts of this case; (5) the "reasonable excuse" defense under section 38.11(c) of the Texas Penal Code is unconstitutional in that it improperly placed the burden of proof on the appellant; and (6) the trial court erred in admitting into evidence State's exhibit number 10 over the timely objection of appellant. We have reviewed all the points of error and we find that appellant's third point of error is dispositive of this appeal; therefore, we reverse the judgment of the trial court, and render a judgment of acquittal.

Appellant was originally charged with driving while intoxicated in June of 1985. The bond under which appellant was released stated that appellant "stands charged by complaint with a DWI." In the

bond, appellant was also ordered to appear instanter "before the _____ Court _____ of Hunt County." As indicated, the blanks in the bond were not filled in with the name or the number of the court in which appellant was to appear. Bond was set at $500. Because appellant had two prior convictions for DWI, he was later charged by an indictment with felony DWI in July, 1985. Appellant failed to appear for his arraignment on August 15, 1985, and the district trial court entered a judgment nisi forfeiting appellant's bond. Appellant was subsequently indicted for bail jumping. However, appellant was not served with a copy of the DWI felony indictment until May of 1986. In a trial before the court, appellant pleaded not guilty to both the DWI and the bail jumping offenses. The trial court found appellant guilty of both charges. This appeal is from the bail jumping offense only.

In his third point of error, appellant contends that the trial court erred in holding the evidence sufficient to sustain the conviction when the State failed to establish prima facie proof that appellant was notified of the court in which he was to appear. We agree. The indictment under which appellant was charged stated that "DAVID ALLEN FISH failed to appear for arraignment on the 15th day of August, 1985, in the 354th Judicial District Court of Hunt County, Texas...." However, as noted earlier, the bond itself required appellant to appear instanter in the _____ Court _____ of Hunt County, Texas. No other evidence was introduced at trial to show that appellant had notice that he was to appear before the 354th Judicial District Court of Hunt County.

■ Section 38.11 of the Texas Penal Code states that "[a] person lawfully released from custody, with or without bail, on condition that he subsequently appear commits an offense if he *intentionally or knowingly* fails to appear *in accordance with the terms of his release.*" (Emphasis added.) Therefore, under the statute, the State must prove that appellant's failure to appear in accordance with the terms of his release was intentional or knowing. TEX.

PENAL CODE § 38.11 (Vernon 1974); *Richardson v. State*, 699 S.W.2d 235, 238 (Tex.App.—Austin 1985, writ ref'd).

In *Richardson*, the defendant was indicted for aggravated possession of marijuana. He was arrested on April 29, 1982, but released on bond on April 30. His release bond provided that he would "well and truly make his personal appearance instanter before the 27th District Court of Lampasas County, Texas...." A pretrial hearing was held on August 5, 1982, but Richardson did not appear. A capias was issued and Richardson was arrested on August 9 for the offense of bail jumping.

On appeal, Richardson contended that the State did not prove that he intentionally or knowingly failed to appear at the August 5 hearing. Richardson claimed that he had no notice that the hearing had been set for August 5. Richardson argued that the lack of notice was a reasonable excuse for his failure to appear, and, therefore, was a defense to prosecution under § 38.-11(c) of the Texas Penal Code, which states, "It is a defense to prosecution under this section that the actor had a reasonable excuse for his failure to appear in accordance with the terms of his release." Richardson presented two witnesses, and also testified himself, to prove that he had no actual notice of the hearing.

The court coordinator for Lampasas county testified that she made no effort to notify Richardson of the August 5 hearing. Instead, she testified that she sent a copy of the court docket sheet to Richardson's surety on his bond. She did not send notice to Richardson's attorney because her records did not indicate that Richardson had an attorney. Richardson's surety testified that he was still doing business at the address shown on appellant's bond, but that he did not receive the notice mailed by the court coordinator. He also testified that at the time he entered into the bond, he told Richardson that he would be notified by mail of any court proceedings at which he was required to be present. The surety also told Richardson that he, the surety, would notify Richardson of any court settings.

Richardson himself testified that after he was released from jail, he continued to live at the address shown on the bond. He stated that he relied upon his surety's promise that he would be notified before he was to appear in court. Richardson testified that he received no notice that he was to appear on August 5. Richardson also pointed out that he had made numerous court appearances since that date, and that he would have appeared on August 5 if he had received notice of the setting.

In *Richardson*, the State did not dispute Richardson's claim that he had no actual notice of the August 5 hearing. Instead, the State argued that the wording of Richardson's bond gave him legally adequate notice of the hearing, relying on *Euziere v. State*, 648 S.W.2d 700 (Tex.Crim.App.1983). In *Euziere*, the defendant also failed to appear for a pretrial hearing after being released on an instanter bond. Euziere also argued that, in his case, the State had not proven that he had actual notice of the hearing; however, Euziere did not introduce any evidence to show that he did *not* have actual notice. The Court of Criminal Appeals held that the language in Euziere's instanter bond gave him legally adequate notice of his hearing. The bond stated that Euziere was to appear instanter in the court in which he was indicted, and that he was to:

> there remain from day to day and term to term of said court, until discharged by due course of law, then and there to answer said accusation against him, and shall appear before any court or magistrate before whom the cause may be pending at any time when and place where, his presence may be required under the Code of Criminal Procedure of the State of Texas or by any court or magistrate.

> .   .   .   .   .

*Euziere*, 648 S.W.2d at 702. The *Richardson* court, however, distinguished *Euziere* and held that, although the language in the instanter bond is sufficient to prove the State's prima facie case that Richardson had notice, once Richardson introduced evidence that he did not have actual notice,

that prima facie case was rebutted. *Richardson*, 699 S.W.2d at 238. Since the State did not respond with other evidence that Richardson did have actual notice, the *Richardson* court held that the State had failed to prove that Richardson had knowingly and intentionally failed to appear at the hearing, and entered an order of acquittal. 699 S.W.2d at 238. The *Richardson* court stated:

> where ... there is evidence the defendant did not, in fact, have notice of the proceeding in question, the State must do more than prove the terms of the bond in order to meet its burden of proving an intentional or knowing failure to appear. In such cases, the State must offer evidence that the defendant did have actual notice, or that he engaged in a course of conduct designed to prevent him from receiving notice.

699 S.W.2d at 238.

Applying *Richardson* and *Euziere* to the facts of this case, we hold that the bond itself is evidence indicating that appellant had no actual notice that he was to appear before the 354th Judicial District Court of Hunt County. Appellant's bond was a pre-indictment bond and, accordingly, did not instruct appellant to appear in the court in which he was indicted. Unlike the present case, *Richardson* and *Euziere* both involved post-indictment bonds, and the courts before which Richardson and Euziere were to appear were named in their respective bonds.

■ The language in an instanter bond may be sufficient to prove a prima facie case that the defendant had notice of the date and time of a hearing; however, we are not persuaded that appellant's bond is sufficient to prove a prima facie case that he had notice of the place of the hearing, especially when that bond fails to name the court in which the defendant is to appear. Since the instanter bond in the instant case did not name the court in which appellant was to appear, and since there was no other evidence indicating that appellant did have actual notice of the hearing, or that he engaged in a course of conduct designed to prevent him from receiving notice, we

hold that no rational trier of fact could have found that appellant intentionally and knowingly failed to appear in accordance with the terms of his release. *Richardson*, 699 S.W.2d at 238. Appellant's third point of error is sustained; therefore, we need not address appellant's other points of error.

The judgment of the trial court is reversed, and we render a judgment of acquittal.