In The


Court of Appeals


Sixth Appellate District of Texas at Texarkana



______________________________



No. 06-00-00109-CR


______________________________




LAWRENCE REGINALD BELL, Appellant



V.



THE STATE OF TEXAS, Appellee




 


On Appeal from the 8th Judicial District Court


Hopkins County, Texas


Trial Court No. 0015721




 




Before Cornelius, C.J., Grant and Ross, JJ.


Opinion by Justice Ross



O P I N I O N



 Lawrence Reginald Bell appeals his conviction for bail jumping and failure to appear
in accordance with the terms of his release from custody. Tex. Pen. Code Ann. § 38.10
(Vernon 1994). (1) The jury assessed his punishment at seventy years' imprisonment. (2) After
both parties concluded the evidence, Bell moved for a directed verdict stating the State had
not met its burden on all of the elements of the offense. The trial court denied the motion. 
Bell's sole point on appeal is that the trial court erred in holding the evidence sufficient to
sustain the conviction when the State failed to establish prima facie proof that, at the time
of his release from custody on his underlying charge, Bell was notified of the court in which
he was to appear.

 On March 23, 1999, Bell was arrested in Hopkins County and charged with
possession of marihuana. He was released on bail on March 25, 1999. The bond under
which Bell was released was silent as to the location, date, and time he was to appear to
answer the charge against him.

 On August 5, 1999, Bell appeared before the Eighth Judicial District Court of
Hopkins County and signed an "Appearance and Announcement Form." The form stated
the case was reset for September 20, 1999, at 8:30 a.m. Bell failed to appear in court on
that date. The bailiff called Bell's name, and Bell did not answer. A warrant for Bell's
arrest was issued, and he was returned to the Hopkins County jail on October 25, 1999. 
On April 12, 2000, a jury convicted Bell of bail jumping and failure to appear. Bell appeals
this conviction.

 Bell does not specify whether he is alleging factual or legal insufficiency. The
standard of review for challenges to the legal sufficiency of the evidence in criminal cases
is that set forth in Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979). 
The Jackson standard inquires whether, after viewing the evidence in the light most
favorable to the prosecution, any rational trier of fact could have found the essential
elements of the crime beyond a reasonable doubt. Id., 443 U.S. at 319. The verdict may
be set aside pursuant to a factual sufficiency challenge only if, after viewing all the
evidence without the prism of "in the light most favorable to the prosecution," it is so
contrary to the overwhelming weight of the evidence as to be clearly wrong and unjust. 
Clewis v. State, 922 S.W.2d 126, 129 (Tex. Crim. App. 1996).

 The offense of bail jumping and failure to appear is committed when a person
lawfully released from custody on condition that he subsequently appear intentionally or
knowingly fails to appear in accordance with the terms of his release. Tex. Pen. Code Ann.
§ 38.10(a). It is a defense to prosecution that the actor had a reasonable excuse for his
failure to appear. Tex. Pen. Code Ann. § 38.10(c). Bell failed to appear for a trial setting
on September 20, 1999. Bell complains there was insufficient evidence to sustain the
conviction when the State failed to establish prima facie proof that Bell was notified at the
time of his release of the court where he was to appear.

 Generally, an instanter bond gives proper notice and, in the absence of evidence
of a reasonable excuse, is sufficient to prove an appellant intentionally and knowingly failed
to appear in accordance with the terms of his release. Euziere v. State, 648 S.W.2d 700,
702 (Tex. Crim. App. 1983); Etchison v. State, 880 S.W.2d 191, 192 (Tex. App.-Texarkana
1994, no pet.). In Richardson, the court construed Euziere to mean that in a prosecution
under Section 38.10, proof the defendant was free pursuant to an instanter bond
constitutes a prima facie showing that he had notice of the proceeding at which he failed
to appear. Richardson v. State, 699 S.W.2d 235, 238 (Tex. App.-Austin 1985, pet. ref'd). 
This prima facie showing satisfies the state's burden of proving a culpable mental state in
the absence of any evidence to the contrary. Id. But where, as in this case, there is
evidence the defendant did not, in fact, have notice of the proceeding in question, the state
must do more than prove the terms of the bond in order to meet its burden of proving an
intentional or knowing failure to appear. Id. In such cases, the state must offer evidence
that the defendant did have actual notice, or that he engaged in a course of conduct
designed to prevent him from receiving notice. Id. The State offered such evidence in this
case.

 Fish v. State, 734 S.W.2d 741 (Tex. App.-Dallas 1987, pet. ref'd), dealt with a
similar fact scenario. In Fish, the court held that the bond itself, which had blanks, was
evidence indicating the appellant did not have actual notice he was to appear before the
354th Judicial District Court of Hunt County. Id. at 743-44. In this case, the State
concedes there was some evidence that Bell had no actual notice by the bond of the name
and number of the court in which he was required to appear. The blanks in the instanter
bond constitute some evidence that Bell had no actual notice. In Fish, the court held:

 Since the instanter bond in the instant case did not name the court in which
appellant was to appear, and since there was no other evidence indicating
that appellant did have actual notice of the hearing, or that he engaged in a
course of conduct designed to prevent him from receiving notice, we hold
that no rational trier of fact could have found that appellant intentionally and
knowingly failed to appear in accordance with the terms of his release.

 

Id. In this case, the State did provide evidence indicating Bell had actual notice of the
hearing.

 On August 5, 1999, Bell appeared before the Eighth Judicial District Court of
Hopkins County and signed an "Appearance and Announcement Form," which stated the
date and time of his next required appearance before the court. Also, Bell presented
evidence through two witnesses that on September 20 they, along with Bell, attempted to
drive to Sulphur Springs from Dallas but had car trouble. We take judicial notice that it is
80.9 miles from Dallas to Sulphur Springs. (3)
 Both witnesses testified they did not leave
Dallas until after 8:30 a.m., the time Bell was supposed to be before the court. The State
presented some evidence that Bell had actual notice of the name, number, date, and time
on which he was to appear in accordance with his release.

 Bell contends the "Appearance and Announcement Form" is not a term of release. 
His contention seems to be that we can only look to the instanter bond, and since it is
blank, that is proof he had no actual notice. In Fish, that is the conclusion the court
reached. However, the court stated no other evidence was presented by the state showing
the appellant had actual notice of the hearing. To so hold would mean a defendant would
never have notice of appearance when the instanter bond is blank, even if the defendant
obtained subsequent knowledge, because that knowledge would not have been received
pursuant to the terms of release. The caselaw clearly supports that when the instanter
bond does not show prima facie evidence that the defendant had actual notice, the state
must offer evidence of actual notice. Fish, 734 S.W.2d at 743-44; Richardson, 699 S.W.2d
at 238. The instanter bond is not the only evidence of a defendant's actual notice.

 The evidence, viewed in the light most favorable to the prosecution, shows any
rational trier of fact could have found the essential elements of the crime beyond a
reasonable doubt. Jackson, 443 U.S. at 319. Bell signed the "Appearance and
Announcement Form," and friends testified he knew he was supposed to be in court on
September 20. Although the testimony showed that Bell attempted to be in court on
September 20 but was prevented from doing so by car trouble, no evidence was presented
that Bell attempted to contact or contacted his bail bondsman, his attorney, or the court. 
Bell never returned to Hopkins County voluntarily; a warrant had to be issued for his arrest. 
A rational trier of fact could have found that Bell intentionally or knowingly failed to appear. 
The evidence is legally sufficient to support the verdict. As to the factual sufficiency of the
evidence, a neutral review of the evidence does not show the verdict is factually so
contrary to the overwhelming weight of the evidence as to be clearly wrong and unjust. 
See Clewis, 922 S.W.2d at 129.

 We affirm the judgment of the trial court.



 Donald R. Ross

 Justice


Date Submitted: October 4, 2001

Date Decided: November 8, 2001


Publish

1. In the underlying offense, Bell had been charged with possession of marihuana in
the amount of 2,000 pounds or less but more than 50 pounds, a felony of the second
degree. Tex. Health & Safety Code Ann. § 481.121(b)(5) (Vernon Supp. 2001). The
offense of bail jumping and failure to appear is a felony of the third degree if the offense
for which the accused's appearance was required is classified as a felony. Tex. Pen. Code
Ann. § 38.10(f) (Vernon 1994).
2. Bell was subject to enhancement on his punishment because of prior convictions,
including three prior convictions in Harris County for possession of a controlled substance.
3. We may take judicial notice of facts which are notorious, well-known, or easily
ascertainable. Eagle Trucking Co. v. Texas Bitulithic Co., 612 S.W.2d 503, 506 (Tex.
1981); see Ex parte Britton, 382 S.W.2d 264, 265 (Tex. Crim. App. 1964). This includes
distances between two geographic locations. Campbell v. Campbell, 477 S.W.2d 376, 378
n.2 (Tex. Civ. App.-Amarillo 1972, no writ); Dixie Motor Coach Corp. v. Fry, 177 S.W.2d
992, 994 (Tex. Civ. App.-Dallas), rev'd on other grounds, 142 Tex. 589, 180 S.W.2d 135
(1944).