Opinion filed February 8, 2007

















 
 
  
 
 







 
 
  
 
 




Opinion filed February 8, 2007

 

 

 

 

 

 

                                                                        In The

                                                                              

    Eleventh Court of Appeals

                                                                 ____________

 

                                                          No. 11-05-00357-CR

                                                    __________

 

                             DOUGLAS ALLAN ASHFORD, Appellant

 

                                                             V.

 

                                        STATE
OF TEXAS,
Appellee

 



 

                                      On
Appeal from County Court at Law No. 4

                                                          Travis County,
Texas

                                                   Trial
Court Cause No. 698708

 



 

                                                                   O
P I N I O N

 

Douglas Allan Ashford was convicted by the trial
court of the Class A misdemeanor offense of assault with a family violence
finding.  After assessing punishment at
confinement for one year and a fine of $4,000, the trial court probated the
sentence and the fine and placed appellant on community supervision for a
period of two years.  We affirm. 








Appellant presents one point of error in which he
contends that the evidence is legally insufficient to support his conviction,
that he was denied his constitutional right to confront a witness against him,
and that the trial court erred in admitting hearsay.  The State asserts that appellant has
presented nothing for review because his briefing is inadequate.  We note that appellant has filed a reply
brief in which he more fully sets out his arguments.  While we acknowledge that appellant=s point is multifarious and could be
overruled on that basis, we will nevertheless address the merits of appellant=s contentions.  See Euziere v. State, 648 S.W.2d 700,
704 (Tex. Crim. App. 1983).

To determine if the evidence is legally
sufficient, we must review all of the evidence in the light most favorable to
the verdict and determine whether any rational trier of fact could have found
the essential elements of the crime beyond a reasonable doubt.  Jackson v. Virginia,
443 U.S. 307 (1979); Jackson v. State, 17 S.W.3d 664 (Tex. Crim. App.
2000).  Appellant was charged with and
convicted of intentionally, knowingly, or recklessly causing bodily injury to
Jacquelyn Michele Nielson, a family or household member, by seizing Nielson=s arm and neck with his hand and by
striking Nielson in the head with his hand. 
See Tex. Pen. Code Ann.
' 22.01 (Vernon Supp. 2006). 

The record shows that appellant and Nielson lived
together in an apartment with their child and that appellant and Nielson had an
altercation during the early morning hours of April 22, 2005. Only two
witnesses testified at trial:  Nielson=s mother and appellant.  Nielson=s
mother, Claudette Ottis Watkins, testified that she received two phone calls
from her daughter during the early morning hours of April 22.  Watkins related that Nielson sounded very
scared and upset on the phone.  Nielson
was crying.  During the first phone
conversation, Nielson said that she was afraid of what appellant might do to
her.  Watkins told Nielson to leave the
apartment and come to Watkins=s
house.  During the second phone
conversation, Nielson was again crying. 
Nielson stated that she and appellant had been fighting.  Nielson later arrived at Watkins=s home. 
Nielson was still scared, crying, and upset.  Nielson had bruises on her arms and chest and
also had a busted lip.  Nielson told
Watkins that appellant had grabbed her by the throat and threatened to kill her,
that he tried to choke her, and that he grabbed her by the arms and threw her
up against the wall.  Watkins took
pictures of the marks on Nielson=s
body.  The pictures were admitted into
evidence.  

Appellant testified and admitted that he had had
an altercation with Nielson on the night in question.  Appellant testified that the altercation
occurred after he told her to pack her stuff and leave the apartment.  According to appellant, however, Nielson was
the aggressor and appellant acted in self-defense.  He denied threatening to kill Nielson and
stated that the bruises and busted lip must have been inflicted when he was
trying to restrain her after she had bitten him in the abdomen and tried to
kick him.








We hold that the evidence is legally sufficient
for the trial court to have found beyond a reasonable doubt that appellant
intentionally, knowingly, or recklessly caused bodily injury to Nielson and
that Nielson was a member of his family or household.  

Next, appellant contends that much of Watkins=s testimony was hearsay and that it
violated his constitutional right to confront Nielson, the real witness against
him.  The record shows that appellant
made numerous objections on these grounds at trial.  With respect to the hearsay contention, we
recognize that a trial court has broad discretion in determining whether
evidence is admissible as an exception to the hearsay rule.  Zuliani v. State, 97 S.W.3d 589, 595 (Tex. Crim. App.
2003).  The record reflects that the
statements made by Nielson to Watkins about the confrontation with appellant
were made at a time when Nielson was clearly scared, upset, and crying.  Thus, we hold that the trial court did not
abuse its discretion in admitting such statements under the excited utterance
exception to the hearsay rule.  See
Tex. R. Evid. 803(2).  

Appellant also objected to the statements made by
Nielson to Watkins about Nielson=s
absence from the trial and the reason for that absence.  The trial court did not abuse its discretion
in admitting such evidence.  Watkins=s testimony showed that appellant sent
e-mails to Nielson at work.  Watkins testified
that she saw these e-mails, but she did not testify regarding their
content.  However, their threatening
nature was apparent from the testimony. 
Because the e-mails were not offered into evidence as out-of-court
statements offered to prove the truth of the matter asserted, they were not
hearsay.  See Tex. R. Evid. 801(d).  Moreover, under Tex. R. Evid. 801(e)(2), an out-of-court statement made by a
party and offered against him at trial is not hearsay.  








The trial court also allowed Watkins to testify
that Nielson left Texas
and did not come to court to testify against appellant because she was
scared.  According to Watkins, Nielson
was scared because somebody had been following her and because of the content
of the e-mails that appellant had sent on the Friday before trial.  Nielson=s
statement regarding her state of mind B
being scared to testify against appellant B
constitutes an exception to the hearsay rule under Tex. R. Evid. 803(3). 
We hold that the trial court did not abuse its discretion in overruling
appellant=s hearsay
objections.           Finally, appellant contends that his Sixth Amendment right
to confront the witness against him was violated because he did not have the
opportunity to cross-examine Nielson.  U.S. Const. amends. VI, XIV.  The Supreme Court has declared that, even
when out-of-court statements fall into a firmly rooted hearsay exception, their
admission may violate the Sixth Amendment. 
Crawford v. Washington, 541 U.S. 36
(2004).  In Crawford, the Court
held: AWhere
testimonial evidence is at issue, however, the Sixth Amendment demands what the
common law required:  unavailability and
a prior opportunity for cross-examination.@  541 U.S. at 68.  The Court did not spell out a comprehensive
definition of  Atestimonial,@ but it did determine that the term Aapplies at a minimum to prior testimony
at a preliminary hearing, before a grand jury, or at a former trial; and to
police interrogations.@  Id.  

In applying Crawford to the present case,
we hold that appellant=s
right to confront the witness against him was not violated by the admission of
Watkins=s
testimony.  First, Nielson=s statements were not testimonial in
nature and therefore did not violate the Sixth Amendment or Crawford.  Second, a defendant forfeits his Sixth
Amendment right to confront the witness against him when his wrongdoing causes
that witness to be absent from court. 
The doctrine of forfeiture by wrongdoing was accepted by the Court in Crawford,
541 U.S. at 62, and was recently upheld by the Texas Court of Criminal Appeals
in Gonzalez v. State, 195 S.W.3d 114 (Tex. Crim. App.), cert denied,
___ U.S. ___, 127 S.Ct. 564, 166 L.Ed.2d 418 (2006).  

In Gonzalez, the court determined that the
defendant forfeited his Sixth Amendment right to confront the witness against
him even though the out-of-court statements were made to a police officer and
were testimonial in nature.  The court in
Gonzalez determined that the defendant=s
act of misconduct caused the witness=s
unavailability and that some evidence indicated that the defendant acted with
the intent to prevent the witness=s
testimony.  Id. at 124-26.  Likewise, the trial court in this case could
have determined that appellant forfeited his right to confront Nielson by
intentionally causing her not to testify against him.  

Having considered and rejected each contention
asserted by appellant, we overrule his point of error and affirm the judgment
of the trial court.  

 

JIM R. WRIGHT

CHIEF JUSTICE

February 8, 2007

Do not publish.  See
Tex. R. App. P. 47.2(b). 

Panel
consists of:  Wright, C.J., 

McCall, J., and Strange, J.